## CHARLES PFAFF v. PRUDENTIAL INS. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued April 2, 1891—Decided April 13, 1891.

In assumpsit upon a policy of insurance authorizing payment to be made,
on the death of the assured, either to an executor or administrator, a
husband or wife, or a relative by blood or connection by marriage, an
affidavit of defence averring payment to the mother of the assured, in
compliance with the provisions of the policy, is sufficient to prevent
summary judgment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 180 January Term 1891, Sup. Ct.; court below, No. 479
September Term 1890, C. P. No. 1.

On October 24, 1890, Charles Pfaff, administrator of Emma
Hering Pfaff, deceased, brought assumpsit against the Pruden-
tial Insurance Company of America, filing a statement of claim
to recover the sum of $237, the amount payable under " a policy
of insurance " upon the life of said deceased, which sum had
been paid by the defendant to the mother of the deceased, after
notice of the plaintiff's claim thereto.

The defendant company, on November 6, 1890, filed an affi-
davit of defence averring as follows :

" On April 7, A. D. 1884, the defendant issued to Emma Her-
ing a policy of insurance upon her life, No. 723,065 for $117.75
old rate, and new rate $121.  A true copy of the said policy is
hereto attached, marked exhibit A, and made part hereof.  It
is provided by the terms of the said policy, as follows : 'Pro-
vided, always, that the production by or on behalf of this com-
pany, its successors or assigns, of a receipt of the description
hereinafter mentioned for the sum of money insured hereby, or
of other sufficient proof of payment by said company of said
sum of money to any or either of the persons hereinafter men-
tioned and described and hereby authorized and empowered to
sign said receipt for and receive the said sum of money, said

receipt, being signed by any person being either an executor or an administrator, husband or wife, or relative by blood or connection by marriage of the person designated in the first column of the schedule embodied herein, shall be final and conclusive evidence, to all intents and purposes, that such sum has been duly paid unto and received by the person or persons lawfully entitled to receive the same, and that all claims and demands whatsoever upon or against this company in respect to this policy have been fully satisfied.'

" In pursuance of the authority and discretion given and reserved as aforesaid to the defendant company, to pay the sum insured to either of the persons in said policy mentioned as entitled to receive the same, the defendant company did on October 14, 1890, pay the said sum of $121 to Caroline Hering, the mother of Emma Hering. A copy of the said receipt of the said Caroline Hering is hereto attached and marked exhibit B.

" On October 4, 1886, the defendant company issued upon the life of Emma Hering a policy of insurance, No. 1,480,870 for the sum of $116. A copy of the said policy is hereto attached, marked exhibit C, and made part hereof. In and by the terms of said policy it is provided ' 2. The company may pay the sum of money insured hereby, to any relative by blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose ; and the production by this company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied.'

" By virtue of the authority and discretion given and reserved to the defendant company, as aforesaid, they did on October 14, 1890, pay to Caroline Hering, the mother of Emma Hering, the sum of $116, and hold her receipt therefor. A copy of said receipt is hereto attached, marked exhibit B, and made part hereof. The said Caroline Hering, the mother of Emma Hering to whom the said payments were made, did, during her lifetime pay to the defendant the premiums due upon the said insurance, and after the death of the said Emma Hering, did

pay the funeral expenses and other charges incident to her burial."

A rule for judgment for want of a sufficient affidavit of defence was discharged, when the plaintiff took this appeal, assigning the order discharging said rule for error.

*Mr. Thos. H. Neilson* and *Mr. Wm. C. Mayne*, for the appellant.

Counsel cited: Day v. Insurance Co., 111 Pa. 507; Metropolitan Ins. Co. v. Drach, 101 Pa. 283; Girard Ins. Co. v. Insurance Co., 97 Pa. 15; Bomberger v. Aid Soc., 18 W. N. 459; Love v. Love, 22 W. N. 119.

*Mr. Francis Shunk Brown*, for the appellee.

Counsel cited: Metropolitan Ins. Co. v. Shaffer, 51 N. J. L. 720.

PER CURIAM:

We think the affidavit of defence was sufficient to prevent judgment. As the case must go to a jury, we forbear any discussion of it at this stage of the proceedings.

Appeal dismissed.