John Brennan, Administrator of Margaret Brennan, Deceased, Appellant, *v.* Prudential Insurance Co. of America.

*Insurance—Life insurance—Payment of policy—Discretion of company.*

Where an insurance company is authorized by a policy to pay the insurance money to the person appearing to it to be equitably entitled to the money, the payment of the money by the company to the person appearing to the company to be equitably entitled to it is a complete defense to a suit by the personal representative of the insured.

Where the company in the exercise of its discretion, and in good faith, settles with the person whom it deems equitably entitled under the policy for an amount less than the amount of the policy, the personal representative of the insured cannot recover from the company the difference between the amount of the policy and the amount of the settlement.

Argued March 1, 1895. Appeal, No. 202, Jan. T., 1895, by plaintiff, from judgment n. o. v. of C. P. Lackawanna Co., Sept. T., 1893, No. 100, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Assumpsit on two policies of life insurance. Before ARCH-BALD, P. J.

At the trial it appeared that policy No. 2,441,554 was for $132, and policy No. 2,541,215 was for $500. Both were on the life of Margaret Brennan, and each contained the following provision:

" Second.—The Company may pay the sum of money insured hereby to any relative by blood, or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by this Company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Under the above provision the company selected Mary Rainey as the person entitled to receive payment of the $500 policy, and it settled said policy with her for the sum of $225.

The court reserved the following question of law:

" It appearing by the undisputed evidence in this case that the defendant company paid to Mary Rainey the sum of two hundred and twenty-five dollars as the party whom they considered equitably entitled to receive the sum of money insured by the policy, and that such payment was made by them in full of all claims against the company under the policy; and further the company now producing here in court a receipt to that effect, which reads as follows:

" ' The Prudential Insurance Company of America.
       " ' $225.00.                    Claim No. 102,958.
" ' Received of The Prudential Insurance Company of America, two hundred and twenty-five dollars, which payment is in full for all claims against said company, under policy No. 2,541.212, issued upon the life of Margaret Brennan.

                    " ' Mary (her X mark) Rainey.
" ' Witness to signature, Charles F. O'Brien.
" ' First witness, F. A. Broemel, Supt.
" ' A true copy.
" ' Attest: A. A. Vosburg.'

" The question of law reserved is whether under these facts

.this is a full satisfaction for the whole sum insured by one of the policies in suit, and a full acquittance of all claims under and upon that policy, and a bar to any recovery in this action thereon."

Verdict for plaintiff on policy No. 2,441,554 for $158.52, and on policy No. 2,541,212 for $332.75, subject to the question of law reserved as above. ARCHBALD, P. J., subsequently filed the following opinion :

"The plaintiff's action is founded on two policies of insurance issued upon the life of Margaret Brennan, one for $132, and one for $500. The jury rendered a verdict in his favor for both of them, finding $158.52 to be due upon the one and $332.75 upon the other; the reason of this reduction appearing later on. Their finding upon the second policy, however, was taken subject to the following reserved point. The second clause in the policy in suit provides that : "The company may pay the sum of money insured thereby to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial or for any other purpose, and the production by this company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied." The undertaking of the company, as further expressed in the policy, is to pay—within twenty-four hours after satisfactory proofs of death have been furnished—to the executors or administrators of the insured, the amount named in the policy, unless settlement shall be otherwise made under the provisions of the article thus quoted. At the trial the company produced a receipt signed by Mary Rainey for $225, in full settlement of all claims against them under the policy, and set this up as a complete bar to a recovery therein. Credit was directed to be given for the amount of this receipt as a payment pro tanto, but a verdict was allowed for the difference, and the question was thereupon reserved whether under the terms of the policy the receipt should not operate as a full acquittance as claimed. This is the point now to be disposed of.

" The clause, which is thus brought under consideration, and which appears in all the policies of the defendant company, was passed upon by the Supreme Court in Thomas v. Prudential Insurance Company, 148 Pa. 594, and was sustained in its entirety. It was there held that in accordance with the express terms of the contract between the parties, the payment of the money by the company to the person appearing to them to be equitably entitled to it is a complete defense to a suit by the personal representative of the insured; that it is for the company to determine who is the person so entitled; and that it does not matter whether the person selected is, in fact, entitled to the money, it being sufficient that he or she appears to the company to be so. The principle of the decision virtually controls this case. The only difference between the two cases is that here the company paid but a part of the money, and set up this to bar the whole. This, it is contended, does not fall within the strict terms of the policy, because it is only the payment of the amount named in the policy, and the production of a receipt for that full amount that is to work satisfaction. To allow of anything less than this, it is argued, is to invite fraud; if the company may select their own party and settle with him on his own terms, they can pick up anybody and discharge themselves with a mere song. While this is not without considerable force, yet the decision quoted, if followed to its legitimate end, is against it. If the company may select the person whom they consider to be equitably entitled to the insurance money with whom to settle, it cannot matter to any one else upon what terms a settlement is reached. There may be subjects of controversy which call for adjustment and compromise, and to say that the company must pay the full amount of the insurance or be debarred from taking advantage of this clause is to interfere with the right of compromise as well as their contract rights under the policy. Neither is it of any avail to inquire into the reasons which have brought about a settlement if the parties are competent to make it. Every compromise involves mutual concessions, and even if they seem to others to be unwarranted there is no power in a third party to undo them. If, therefore, the company may determine to whom they will pay they may also make their own terms with him, and if he sees fit to take fifty cents on the dollar or any other sum in settle

· ment of the amount insured it concerns no one but himself, and the company are discharged. It may be well to add, however, that in what is thus said, we intend to speak only of a settlement made in good faith, in an honest effort to meet and discharge the obligations of the contract, and not in an attempted evasion of them. What would be the result in any case if settlement was shown to be of the latter character we are not called upon to determine. But it may not be out of course to say, in response to the plaintiff's argument that a settlement for a very much less sum than the face of the policy, arbitrarily made with a third party having no connection with the transaction, merely to escape a greater liability, would be charged with such bad faith, if not fraud, that it could not well stand. Nothing of that kind appears, however, in the present instance. While the occasion of the compromise was not brought out, it was made with a party who, if not the strictly legal owner of the policy, had an equitable claim thereon. That it was effected after suit brought does not necessarily discredit it. This might be a circumstance to be considered in judging of the good faith of the transaction, if there were others to also call it in question. But there is nothing which debars the company, even after suit brought, from determining to whom, in their judgment, the money equitably belongs.

"We are therefore of the opinion that a recovery can be had only on the first of the two policies in suit, and that to that extent only can the verdict be sustained. By the selection of Mrs. Rainey, as the party equitably entitled to the money due on the second policy, it was conclusively determined that the plaintiff was not entitled to it, and that is the end of his case. It is immaterial to him and to us whether she got all she ought to have gotten or not. The company have discharged the obligations of their contract. The policy, by its own terms, is satisfied and no suit can be now entertained upon it.

"And now, Aug. 13, 1894, the law is declared to be with the defendant on the point reserved, and thereupon judgment is directed to be entered on the verdict in favor of the plaintiff for the sum of $158.52 with interest, being the amount found due on policy No. 2,441,554 in suit, and the remainder of said verdict is set aside."

*Error assigned,* among others, was entry of judgment as above.

*F. L. Hitchcock,* for appellant.—The limitation forbidding a suit till after sixty days from proof does not apply where the company peremptorily refuses to pay: Bliss on Life Ins. 568; Ætna Ins. Co. v. Terrence Maguire, 51 Ill. 342.

A refusal to pay amounts to a waiver of all right as to time of payment, etc.: Hand v. Nat. Live Stock Ins. Co., 59 N. W. (Minn.) 538; Am. Dig. 1894, p. 2482; Western Home Ins. Co. v. Richardson, Neb. 58 N. W. 597.

In Thomas v. Insurance Company, 148 Pa. 594, relied on by defendant, the policy had been paid in full to a party entitled thereto under the second section, before suit brought, and within a reasonable time after the death of the assured. The defendant had never denied its liability either directly or inferentially.

There was not a particle of evidence that Mary Rainey ever claimed to be a relative either by blood or marriage, or that she ever incurred any expense for or on behalf of the insured, either for her burial or for any other purpose.

If the receipt of Mary Rainey was admissible (which we deny) it could have been admitted as payment for no greater sum than she was equitably entitled to receive. A trustee will be held to a strict performance of his duty. He cannot be allowed to speculate or profit from his trust estate. A reasonable degree of vigilance and the exercise of good faith is the standard of the trustee's duty: Fahnestock's App., 104 Pa. 46, and cases there cited.

*A. A. Vosburg, W. S. Hulslander* with him, for appellee.— This question has been answered by this court in the case of Thomas, Adm., v. The Prudential Insurance Co., 148 Pa. 594; Pfall v. Prudential Ins. Co., 141 Pa. 562; Metropolitan Ins. Co. v. Schaefer, 50 N. J. L. 72.

As the company may select the person whom they consider to be equitably entitled to the insurance money, under the decision of this court, and with whom they may settle, it does not matter to any one else upon what terms a settlement is made : May on Insurance, 3d ed. sec. 172, A ; 2 Am. & Eng. Ency. of Law, 287; School Town of Monticello v. Grant, 104 Ind. 168; 2 Green. on Ev., 13th ed. sec. 516; Am. & Eng. Ency.

of Law, vol. 18, p. 150 ; Bliss on Ins., 2d ed. sec. 317 ; 2 May on Ins., 3d ed. sec. 399.

When the policy contains the name of the beneficiary, his rights become vested, and on his receipt alone can the loss be safely paid: 2 May on Ins., 3d ed. sec. 390.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895 :

The learned court below thought this case was governed by Thomas v. The Prudential Insurance Co., 148 Pa. 594, and entered judgment accordingly. In that case as in this the company was authorized by the policy to pay the insurance money to the person appearing to be equitably entitled to it, and his or her receipt therefor was made by the contract conclusive evidence of the payment of the money to the person entitled to it, and of the satisfaction of all claims under the policy. Chief Justice PAXSON, speaking for this court in the case cited, said : " It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties." In that case " the sum of money insured " was paid to the person appearing to the company to be entitled to it, and the fact that she so appeared was held sufficient to make the payment and her receipt for it conclusive against the claim of the administrator of the assured. Whether the discretion with which the company was clothed was wisely exercised was not regarded as a question to be decided by the trial or appellate court. In the case at bar the company having selected the person appearing to it as equitably entitled to the insurance money might, on the authority of Thomas v. Prudential Ins. Co., supra, have paid to her the whole sum insured and relied on the payment and her receipt for it as a complete answer to the appellant's claim. But as the company did not pay to her the full amount of the policy it is contended that the transaction between them was fraudulent and therefore unavailing as a defense to this action, and if it was not fraudulent the company is liable to the legal representative of the assured for the balance of that amount. The learned judge of the court below carefully considered this branch of the appellant's contention and in his opinion on the reserved question satisfactorily answered it. We concur in his conclusion respecting it and the

reasons given therefor.   A repetition of the latter is unnecessary.   We discover no error in the instructions or rulings upon offers of evidence and therefore overrule all the specifications.

Judgment affirmed.