## McNally v. Metropolitan Life Insurance Company.

*Insurance—Life insurance—Beneficiary—Executor.*

Where a doubt in regard to whom life insurance money should be paid is of the insurance company's creation, the application for insurance, with the policy, is to be construed most strongly against the insurer.

A policy of life insurance is in the nature of a testament, and although not a testament it is, like the provisions of a will to be liberally construed in favor of the ones who may naturally be presumed to have been special objects of bounty. It is to be interpreted as the insured understood it, if all points of the contract taken together will admit of such construction.

Where a dated application for life insurance designates a person named as sole beneficiary, and the undated policy provides that the " production by the company of this policy and of a receipt for the sum assured, signed by any person, furnishing proof satisfactory to the company that he or she is the beneficiary or an executor . . . . of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same," the company is bound to pay the beneficiary named in the application, and it is immaterial that some of the premiums were paid by the husband of the assured, and that the policy was surrendered by him to the company as executor of the insured.

Argued Oct. 16, 1900. Appeal, No. 107, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Oct. T., 1900, No. 107, on case stated in suit of Kate McNally v. The

Metropolitan Life Insurance Company.    Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Reversed.

Assumpsit on a policy of life insurance.

The facts as agreed upon in the case stated appeared by the
opinion of the Superior Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on
case stated.

*Thomas R. Elcock*, for appellant.

*Hazard Dickson*, for appellee, cited: Peaff v. Prudential Ins.
Co., 141 Pa. 562; Thomas v. Prudential Ins. Co., 148 Pa. 594;
Brennan v. Prudential Ins. Co., 170 Pa. 488.

OPINION BY ORLADY, J., January 22, 1901:

On July 14, 1887, Mary R. Snee made a signed application
to the defendant company for $500 insurance on her life, which
was accepted by an indorsement thereon, and a policy without
date was issued and delivered to her.   On July 28, 1899, she
died intestate and without issue, leaving to survive her a hus-
band, Andrew Snee, who took out letters of administration on
her estate.

The company paid the amount of the policy to Andrew Snee,
the administrator, upon his making proofs of her death in the
form required by the company and surrendering to it the policy
and premium receipt book.   In the answer to the ninth ques-
tion in the application for insurance, " Name, etc., of person to
whom benefit is to be paid," there is written the name, " Katie
R. Dougherty."   In the case stated it is agreed that " 6. The
plaintiff, Kate McNally, was formerly Kate Dougherty and as
such is named in the application aforesaid.   She was a niece of
the said Mary R. Snee, . . . . 2. The premiums upon the said
policy were paid by the said Mary R. Snee and by her husband,
Andrew Snee."

In announcing the death of Mary R. Snee the plaintiff gave
notice to the defendant as follows : " Several years ago she took

out a policy for $500 in your company and it has always been understood that I, Kate Dougherty, was the beneficiary of the same.  If such proves to be the fact, I desire to protect my claim. It is possible that the husband of the said Mary R. Snee (Andrew Snee) may present a claim.  If it is found that he is the beneficiary, then my claim should not be recognized; but if I am the beneficiary I hope you will give my claim your kind consideration."  The defendant subsequently proceeded to pay the amount due under the policy by a check drawn to the order of Andrew Snee and Kate B. Dougherty (Kate McNally) jointly, but this was not acceptable to the claimants.  It was withdrawn and payment was then made to Andrew Snee as " the duly appointed administrator."

The appellee frankly states the case to be as follows : " The only question for decision, therefore, is as to the company's right to make choice of a payee when the application names a beneficiary."  The policy provides that, " in consideration of the representations and agreements in the printed and written application for this policy, . . . . and in consideration of the payment to the company . . . . doth hereby agree to pay to the person or persons designated in condition fifth herein, . . . . " which is in the following words, to wit : " Condition, . . . . Fifth. The production by the company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."  The policy, and a receipt signed by Andrew Snee, administrator, were produced by the defendant and are made part of the case stated.

In Pfaff v. Prudential Ins. Co., 141 Pa. 562, the clause determining the authority of the company to make payment was as follows : " 2. The company may pay the sum of money insured hereby, to any relative by blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expense in any way on behalf of the insured

for his or her burial, or for any other purpose. And the production by this company of a receipt book signed by any or either of said persons, or of sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied." In pursuance of the authority and discretion given to and reserved by the defendant company, payment was made to the mother of the insured. This was deemed a good defense in order to prevent judgment, on a rule therefor for want of a sufficient affidavit of defense. In affirming the action of the court below the Supreme Court said, " As this case must go to a jury, we forbear any discussion of it at this stage of the proceeding." In Thomas v. Prudential Ins. Co., 148 Pa. 594, the same insurance company, with the same clause (two) in the policy, was before the Supreme Court. In regard to this it was said that " the manifest object of the second schedule of the policy was to enable the company, to pay in case of the death of the insured, the amount of the policy without the expense of administration. . . . The company has a right to protect itself, with the consent of the assured, against trifling and expensive litigation. . . . It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties." This case was followed in Brennan v. Prudential Ins. Co., 170 Pa. 488, where the same clause was considered, and it was held that the company, having selected the person who appeared to be equitably entitled to the insurance money, might pay in safety to the person so selected. These cases do not rule the present one. Here we have a very different provision. The application designates this plaintiff as a sole beneficiary. The company has nothing to do with determining who is " equitably entitled " to this money. No discretion is vested in it by the contract, to weigh and decide between conflicting worthiness, and to act as conclusive judge of its own liability. Under this contract the company is not vested with such discretionary power that it " may pay the sum of money to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same. . . . ." The designation of Katie K. Dougherty in the applica-

tion of Mrs. Snee cannot be held to be a meaningless sugges-
tion, which was to be overturned after her death, by the judg-
ment or caprice of persons who were strangers to her motives
in naming the beneficiary.

The fact that part of the premiums were paid by her husband
is of no moment, since, if made by him, he acted as a volun-
teer and not in pursuance of any contract; besides, the case
stated does not show whether it was his own money or that of
the assured.   Nor does the· provision, " the production of the
policy," amount to a condition precedent to authorize payment
to a particular person.   It would not be held that the company
was absolved from payment if the policy had been lost, de-
stroyed or surreptitiously withheld.   The undated policy is to
be construed with the application made by Mrs. Snee, and by
it the plaintiff is the first person designated in condition fifth
to receive the money upon satisfactory proof of the death of
the insured.·  The company evidently regarded the claim of
Mrs. McNally as of some merit, else it would not have tendered
its check in payment of its liability to her order jointly with
the administrator.   It did not withhold payment or pay the
fund into court so that the claimants could have their rights
legally determined, but it volunteered to decide the question for
them.   The appellee states that " the application nominated a
beneficiary, but the policy, instead of undertaking to pay that
beneficiary alone in any event, undertook to pay that benefi-
ciary or one of a number of other persons designated," and ar-
gues, " that the mention of a beneficiary in the application was
not meant to be absolutely controlling under all circumstances,
and a reasonable discretion—this choice of payee—was given
the company."   The plain intention of the assured as expressed
in the application cannot be defeated in this manner.   The ap-
plication was the act of Mrs. Snee.   She was bound by its
statements under penalty of forfeiture of the policy.   It is not
to be severed from the undated policy, and the company was
reciprocally bound by the terms of the application when it
marked it " accepted " and issued a policy which was founded
thereon.   It is nowhere authorized to make a different contract
for the applicant.   In the policy the designation is not several
persons jointly, but in a named order, and the person specified
in the application is given precedence, disjoined from the others,
in being first named.   If this has any significance, and we think

it has, it is evidently an adoption by the company of the direction in the application to pay to Katie R. Dougherty.

The doubt in regard to whom the money should be paid is of the company's creation, and the application, with the policy, is to be construed most strongly against the insurer. Mrs. Snee had the power to name the plaintiff as beneficiary. She did it directly and unequivocally, and the declaration should be construed so as to give effect to this intention: Bond v. Bunting, 78 Pa. 210. The question is, what was the intent of the assured? Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195. The contract is in writing, and so far as it goes, is the measure of the rights of the parties. By the death of Mrs. Snee the right to the fund vested. Katie R. Dougherty (this plaintiff), having survived the insured, as the first nominated beneficiary, was entitled to this money by the express direction of the application, which was carried forward into the policy. This construction finds support not alone in the language of the contract, but it is also in accordance with the settled policy of the law. A policy of life insurance is in the nature of a testament, and although not a testament, it is, like the provisions of a will, to be liberally construed in favor of the ones who may naturally be presumed to have been special objects of bounty: Bolton v. Bolton, 73 Me. 299; Karch's Est., 133 Pa. 84; Brace v. Chartrand, 12 L. R. A. 209; Hooker v. Sugg, 102 N. C. 115, 11 Am. St. Rep. 717, and notes. It is to be interpreted as the assured understood it, if all points of the contract taken together will admit of such construction: Eddy v. Phœnix Mut. Life Ins. Co., 65 N. H. 27; 23 Am. St. Rep. 17, and notes, or, according to the fair interpretation of the parties: Peters v. Warren Ins. Co., 14 Peters, 99, 10 Lawyers' Co-op. ed. 371. "In cases of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of a vested, rather than a contingent one; of the primary, rather than the secondary intent; of the first, rather than the second taker, as the principal object of the testator's bounty:" Smith's Appeal, 23 Pa. 9; Jackson's Appeal, 179 Pa. 77. The payment to Andrew Snee did not operate as a discharge and release of the obligation under this policy.

The assignment of error is sustained, the judgment is reversed, and judgment is directed to be entered in favor of the plaintiff for the amount of the policy with interest and costs,

RICE, P. J., and W. W. PORTER, J., dissent.