Opinion by
Porter, J.,
The plaintiff’s decedent at the time of her death held a policy of insurance in the Prudential Insurance Company of America, which contained the following covenants, to wit: “The Prudential Insurance Company of America agrees to pay . . . . unto the executors, administrators or assigns of the person named as the insured in this policy, unless settlement shall be made under the provisions of article second on the back hereof, the amount of benefit provided in the schedule herein contained and any additions thereto, within twenty-four hours after acceptance at its said office of satisfactory proof of the death of the insured during the continuance of this policy, which is issued and accepted subject to the conditions and agreements printed on the back hereof, which are hereby referred to and made part of this contract.” Article second on the back of the policy thus referred to, and made part of the contract, was as follows: “The company may make any *402 payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, for his or her burial or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or' of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied.” The insurance company, after the death of Mary Roth, paid over to her husband, this defendant, the sum of $370, the amount of money specified by the policy. About a month after the payment was so made the will of the decedent was probated and the husband elected to take against it her real estate, as tenapt by the curtesy. The defendant did not pay any part of the money received from the insurance company on account of expenses incurred for the burial of his wife. The plaintiff brought this action to recover of the defendant the moneys received as aforesaid from the insurance company. The foregoing facts appeared from the statement filed by plaintiff and the affidavit filed by the defendant. The statement averred that the money so paid by the insurance company to the defendant was a part of the personal estate of Mary Roth and that the defendant, by accepting- payment thereof from the insurance company, became indebted to the estate of the said Mary Roth in the amount so received. The affidavit of defense avefred that the defendant was a connection by marriage of the insured, being her surviving husband, that, under the provisions of the policy, the insurance company paid the said amount to him and he received it as the party entitled thereto, in his own right and not for the use of the estate of Mary Roth. The court below entered judgment against the defendant for want of a sufficient affidavit of defense, from which judgment we have tins appeal.
The only question raised by the affidavit of defense is whether the person who is by an insurance company designated, under such provisions in a policy, as the person equitably entitled to *403 the proceeds thereof, and to whom the insurance company-under such designation makes payment, receives such money for his own use or merely as a trustee for the estate of the insured. The contention of the appellant is that the person who thus receives the proceeds of a policy, paid in pursuance of such covenants, receives it absolutely as his own. The suggestion of the learned judge of the court below, that, if the contention of the defendant is correct, a person seeking insurance would be very foolish to accept a policy involving any considerable amount of money which contained such covenants, is supported by sound reasoning, but we are to determine the legal results of the covenants into which the parties actually entered, and not whether the decedent was wise or foolish in making the contract. Contracts of insurance containing these identical covenants have been construed by the Supreme Court, and the effect of the designation by the insurance company, after the death of the insured, of a person other than the legal representative of the estate of the insured, ás the person equitably entitled to payment of the proceeds of the policy, must be determined in the light of those decisions.
The actions in the cases which have been passed upon by the Supreme Court were, it is true, brought by the legal representatives of the estate of the insured directly against the insurance company, but the meaning and effect of the covenants in question were directly involved. In the case of Thomas v. Prudential Insurance Co., 148 Pa. 594, the company had paid the amount secured by the policy to a person who had a claim against the estate, for boarding the deceased and payment on account of funeral expenses, equal to about one-half the money so received. It was held in' that case that the administrator of the estate of the insured was not entitled to recover, and the ground upon which the decision was based was that the contract of the parties vested the company with a discretion to determine the person, within the classes specified in the contract, who was equitably entitled to the insurance money. Mr. Chief Justice Paxson, who spoke for the court in that case, said: “The company paid this money to the person appearing to be equitably entitled thereto, and produced a receipt signed *404 by her for the same. This was a complete defense, under the very terms of the policy. It is for the company to judge who is the person equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract does not offend against any rule of.law or public policy, and we cannot hold that the administrator is entitled to recover without making a new contract for the parties.” The company had in that case paid to a person, within the classes designated, the full amount secured by the policy and had thus brought itself within the very letter of its contract, and if that case stood alone there might still seem good ground for the contention that the party who received the money merely took as trustee for the estate of the insured and could not, after having been determined by the insurance company as the person entitled to receive, deal with the fund arising from the policy as if it were his or her own property. The effect of a decision by the insurance company that some other person is equitably entitled to the money would, however, seem necessarily to imply a determination adversely to the right of the legal representative of the estate of the insured.
The nature of the right acquired by the person who is designated by an insurance company, in pursuance of such covenants, as the person equitably entitled to receive the proceeds of the policy and the power of such person to deal with the policy and its proceeds as if it were his own individual property, was again considered in the case of Brennan v. Prudential Insurance Co., 170 Pa. 488. This case involved a question which had not been presented in the prior decisions. The policy was for $500 and contained' covenants precisely similar to that with which we are now dealing. The company settled with a person other than the legal representative of the insured, but within the class to whom it was authorized to make payment under the clause in question for one-half the amount called for by the policy and took a receipt from such person in full of all claim against the company. The plaintiff in that case contended that as the company had not paid the full amount of the policy to the person with whom it settled, the estate was at least entitled to recover the balance. The learned *405 judge of the court .below, whose opinion upon this branch of the case was adopted by the Supreme Court, said: “If, therefore, the company may determine to whom it will pay they may also make their own terms with him, and if he sees fit to take fifty cents on the dollar or any other sum in settlement of the amount insured it concerns no one but himself and the company are discharged. ... By the selection of Mrs. Rainey, as the party equitably entitled to the money due on the policy it was conclusively determined that the plaintiff was not entitled to it, and that is the end of his case. It is immaterial to him or to us whether she got all she ought to have gotten or not. The company has discharged the obligations of its contract. The policy, by its own terms, is satisfied and no suit can now be entertained upon it.”' This decision seems to conclusively settle the question that the party, who is by the insurance company designated, under the provisions of such a policy, as the person equitably entitled to receive the money is thereby vested with an absolute property in the proceeds and may deal with it as his own. He certainly could have no authority to release the insurance company upon payment of fifty cents on the dollar if the proceeds of the policy were the property of the estate of the insured. The contract of the parties vested the company with a discretion to determine whether the proceeds of the policy equitably belonged to the executor of the decedent or to some other person, within one of the classes designated by the policy. When the company, under such a policy, in good faith designates a person within the classes specified and that designation is not procured by fraud or misrepresentation upon the part of the person so designated, the person receiving the money acquires the same right to it as if he had been in the policy designated as the beneficiary. We are unable to avoid the conclusion that the question here presented is necessarily ruled by the case last above referred to, and must hold that, in the absence of any allegation of fraud or misrepresentation, the defendant acquired title to the money which he received in his own right.
The judgment is reversed with a procedendo.