CORNELIUS C. FITZGERALD, Administrator of
Arthur Anderson,

*vs.*

BALTIMORE LIFE INSURANCE CO.

*Industrial insurance policies: real beneficiaries; discretion of
the insurance company within certain classes.*

Under industrial insurance policies, the real beneficiary by
the terms of the contract may be the one designated in the
policy or someone else within certain defined classes, within the
exercise of the judgment and discretion of the officers of the
company.                                                          p. 622

Where, under such a policy, the company paid the funeral
expenses of the deceased policy holder **and** paid the balance to
the person in whose possession the policy was and who had paid
some of the premiums on it, it was *held,* that under such facts
and circumstances the administrator of the party named in the
policy was not entitled to recover from the insurance company.
                                                                 p. 623

*Decided January 16th, 1919.*

Appeal from the Court of Common Pleas of Baltimore
City. (Gorter, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Burke, Thomas, Pattison, Urner, Stockbridge and Con-
stable, JJ.

*Cornelius C. Fitzgerald,* for the appellant.

*George S. Yost* and *Alfred S. Niles* (with whom were *Wolff, Barton & Morrow* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Bessie Bowen was insured under two policies of the variety known as Industrial Policies, issued by the Baltimore Life Insurance Company. These policies were for $292 and $142, respectively. The beneficiary named in the policies was Arthur Anderson, whom Bessie Bowen married subsequent to the taking out of these policies, though she continued to use the name of Bessie Bowen after her marriage, and no change was ever made by the company in the name of the beneficiary appearing on the face of the policies. Arthur Anderson died before Bessie Bowen, but Bessie continued the payment of the premiums after his death, and down until the time of her death they were regularly paid, either by Bessie or by her cousin Edna Bowen.

The case was tried upon an agreed statement of facts. From that it does not appear that the policies or receipts for premiums were ever in the possession of Arthur Anderson, or of any one other than Bessie, the insured, or her cousin Edna.

After Bessie's death the company paid to the undertaker a bill for $147 for the funeral expenses, and paid the balance over to Edna Bowen.

Cornelius C. Fitzgerald was appointed administrator of Arthur Anderson, and this suit was instituted by him as such administrator, to recover the amounts named in the two policies.

The ninth clause of each of the policies reads as follows:
"*The Insured may at any time change the beneficiary hereunder* by designating the substituted beneficiary upon the company's form for change of beneficiary, and filing the same at the company's Home Office, and having the name of the substituted bene-

ficiary entered as such upon the books of the company.

"The company will, under ordinary circumstances, make payment of whatever sum may become due under the policy to the beneficiary appearing as such upon the company's books at the time of the death of the insured; but it reserves the right, under circumstances which appear to its officers to justify its exercise, in order to facilitate prompt and equitable settlements, to make such payment to the executor or administrator of the insured, or to any relative by blood or connection by marriage of the insured, or to any other person appearing to it to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, or for his or her burial, and the production by or on behalf of the company of this policy and of a receipt signed by any person belonging to either of the above named classes, shall be final and conclusive evidence that the sum so receipted for has been duly received by the person or persons lawfully and rightfully entitled to receive the same."

And relying upon this clause, the Court granted an instruction directing a verdict for the defendant. This ruling of the Court was the occasion for the present appeal.

Industrial insurance and the provision for "facility of payment" in policies of this description have been before the courts in quite a number of cases in different States. Without reviewing the decisions at length, the law controlling the present case may be summarized as follows:

The contract itself, as embodied in industrial insurance, has been uniformly held to be a perfectly valid contract. The only point of difference in the decided cases has been as to the nature of the interest of the beneficiary or the effect of the "facility of payment" clause, under the different forms of language which have been employed by the different companies writing this class of insurance.

Industrial insurance differs in certain marked particulars from ordinary life insurance or membership in a mutual

benefit society. As has been frequently said, the purpose or object of industrial insurance is radically different from that contemplated in the other forms; thus under a regular policy it has long been recognized that the interest of the beneficiary named was a vested one. In the case of mutual benefit societies, where provision was made for a change of beneficiary, it necessarily followed that no interest could properly be said to be vested, prior to the death of the member or insured, because by the terms of the contract the right subsisted in him to change the named beneficiary at his pleasure.

When we come to deal with industrial insurance, while the policy names the beneficiary, and provides for a change of such by the insured at any time during his life, there is a reserved power in the company issuing the insurance to pay either to the named beneficiary, or to others within certain well defined classes, as it may deem "most equitable" under the circumstances of each particular case. There is nothing corresponding to this to be found in regular insurance policies, or in the membership in mutual beneficial organizations. The real beneficiary, by the terms of the contract, may be either the one designated in the policy, or someone else within certain defined classes, in the exercise of the judgment and discretion of the officers of the company. It is purely a matter of contract between the insured and the company issuing the policy.

The "facility of payment" clause, which is found in policies of industrial insurance, varies considerably in its phraseology, and, therefore, a rule of law which may be entirely applicable under one form of policy may be inapplicable in a case where the terms are different.

The only case cited by the appellant was a case decided at *nisi prius* upon a policy issued by the Metropolitan Life Insurance Company. The "facility of payment" clause in the policies of that company differed in some respects from the "facility of payment" clause heretofore quoted. It read as follows:

"Fifth.   The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary or an executor or administrator, husband or wife, or relative by blood or connection by marriage of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

This, it will be seen, was not nearly as broad as the similar clause in the policy in this case, and no provision is made in it for the exercise of a discretion on the part of the company in favor of one who, in the estimation of the officials of the company, was "equitably entitled" to be regarded as the beneficiary.

The case now presented does not raise a question such as has sometimes arisen, where the insurer refused to make any payment to anyone; on the contrary, the agreed statement of facts discloses that it has in good faith paid the funeral expenses of the deceased and the balance to the person in whose possession the policy was and who had paid some of the premiums upon it.

There was, therefore, no error on the part of the trial Court in giving an instruction directing a verdict for the defendant company, and the judgment appealed from will accordingly be affirmed.

*Judgment affirmed, with costs.*