## Beard v. John Hancock Mutual Life Insurance Company of Boston, Appellant.

Argued March 23, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Dale C. Jennings,* for appellant.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* and *Michael W. Huron,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 27, 1937:

On January 29, 1919, the defendant issued to Meri Hrvojevic its policy of industrial life insurance in the sum of $296.00. The plaintiff, who was formerly known as Rosie Filipcic, a daughter of the insured, was named as beneficiary in the policy. The policy contained a so-called "facility of payment" clause, which reads in part as follows: "The company may make payment either to the beneficiary above named, if living, or to such other living beneficiary as may be duly and finally designated, and recognized by endorsement hereon, or to the executor or administrator of said insured or to any relative by blood or connection by marriage, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the insured, for burial or for any other purpose. . . ."

The insured died on January 27, 1932, while the policy was in force. Proofs of death satisfactory to defendant were duly furnished and the policy and receipt book surrendered. On February 19, 1932, the company paid the full proceeds of the policy, then amounting to $306.40 to John Lorkovich, the undertaker who had charge of the burial of the insured, it appearing to the company that by reason of his having incurred and paid the expenses of her burial, he was equitably entitled to the amount of the policy.

Payment to the undertaker was made in reliance upon the above facility of payment clause, and a receipt in full settlement was received. The company asserts that the payment and the receipt constitute conclusive evidence that all claims upon the policy have been fully satisfied.

The plaintiff, as the designated beneficiary, claims that the amount of the policy should have been paid to her, notwithstanding that at the time of her mother's death in 1932, she executed and delivered to the insurance company a written request that it pay the under-

taker. When the death of insured occurred, plaintiff was a minor, but she has now reached her majority, and repudiates this request. On December 21, 1935, she instituted this action of assumpsit upon the policy, to recover its face value.

The case was presented to the court below upon the pleadings, each party entering a rule for judgment. The court below heard both rules together, and, after argument, discharged the plaintiff's rule and entered judgment in favor of the insurance company. The plaintiff appealed to the Superior Court, which reversed the judgment of the court below, and directed that judgment be entered for plaintiff, deciding that as she was the beneficiary named in the policy, payment must be made to her; and that the facility of payment clause has no application under such circumstances.

This appeal turns on the question of the interpretation of the policy,—whether the clause in question authorizes the insurance company, in its discretion, to select the person or persons within the designated classes of said clause, to whom payment shall be made, or whether payment must be made to the beneficiary named in the policy.

While the intention of the parties must be gathered from the insurance contract itself, at the same time it is proper to have in mind the purposes which policies of this type are intended to serve, and the plan upon which they are issued. Such policies are not written to create a fund for the future support of dependents, or to augment the estate of the insured, as is usually the case in life insurance, but they are intended primarily to provide a small fund immediately available for the expenses of the insured's last illness, or to pay funeral expenses at the time of death.

These industrial policies are issued for comparatively small amounts, upon which weekly premiums are collected. They are sold usually to persons of limited income. An essential feature of the policy is the clause

here in question, which is intended to facilitate payment by the company of the insurance proceeds to the classes of persons designated in the policy, particularly to the one who has incurred the expense of the burial of the insured. These liberal provisions enabling the company to make prompt payment, are material inducements to the small policyholder when purchasing industrial insurance, and no true construction can be placed upon such policies which does not give to these considerations due weight.

This Court, and the courts of other states, have decided that such policies and the provisions therein for "facility of payment" are not invalid or against public policy. They have been sustained as a matter of contract between the insured and the company issuing the policy, and are held to be entitled to a liberal construction to effectuate the purpose for which they are written. For example, in *Thomas v. Prudential Ins. Co.*, 148 Pa. 594, 598, it is said that the purpose of policies of this description is "to enable the company, in case of the death of the assured, to pay the amount of the policy without the expense of an administration . . . the company has a right to protect itself, with the consent of the assured, against trifling but expensive litigation, which might constantly occur over disputes as to the parties entitled . . . (p. 599). The contract itself does not offend. against any rule of law or public policy. . . ." For other cases upon this subject see *Brennan v. Prudential Ins. Co.*, 170 Pa. 488; *Williard v. Prudential Ins. Co.*, 276 Pa. 427.*

---

* For cases in other jurisdictions see *Sheridan v. Prudential Ins. Co.*, 128 Ill. App. 519, affirmed 230 Ill. 33; *Fitzgerald v. Baltimore Life Ins. Co.*, 133 Md. 619 (105 Atl. 775); *Bradley v. Prudential Ins. Co.*, 187 Mass. 226 (72 N. E. 989); *Metropolitan Life Ins. Co. v. Schaffer*, 50 N. J. L. 72 (11 Atl. 154); *Cohen v. John Hancock Mutual Life Ins. Co.*, 135 N. Y. App. Div. 776 (119 N. Y. S. 850); *Foryciarz v. Prudential Ins. Co.*, 158 N. Y. S. 834; *Dickin v. John Hancock Mutual Life Ins. Co.*, 254 N. Y. S. 607.

Having in mind the intention both of the insured and of the company to make a contract different from that of ordinary life insurance, we turn to the policy itself, particularly the facility of payment clause, to consider the language used by the parties. In the present policy, as we have seen, it says "The company may make payment *either to the beneficiary* above named . . . *or* to the executor or administrator of said insured, *or* to any relative by blood or connection by marriage, *or* to any person *appearing to the company* to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the insured for burial or for any other purpose. . . ." It is apparent that by the foregoing language the right to select the beneficiary is lodged solely in the insurance company, and it alone may designate the person entitled to payment. It is immaterial that there is a named beneficiary. The direction that the company pay the proceeds of the policy to a person named therein is permissive merely, and not mandatory. The real beneficiary, by this provision of the policy, may be the person designated as such therein, or some one within the classes mentioned (viz.: executor, administrator, relative, or person equitably entitled to payment). However, the selection of the one to be paid the insurance money rests in the discretion of the insurance company, to which the insured has delegated this prerogative by the contract, and the court cannot make a different contract for the parties.

There has been no uniform facility of payment clause used in writing policies of this description. The phraseology of the clause varies in the policies of insurance companies. A construction applicable to one form of the clause may not, of course, have any pertinency where the language in another policy is in different terms.

Two major types of these clauses have been before this Court. On the one hand we have considered clauses like the present one in which the company clearly is given the discretion (the word used is "may") to pay

a person in any one of the four defined classes. Representative cases are *Thomas v. Prudential Ins. Co.,* supra, and *Brennan v. Prudential Ins. Co.,* supra. These cases differ somewhat from the case under consideration in that their facility of payment clauses do not provide for payment to a designated beneficiary. In these cases we held that the company was within its rights in paying a member of any one of the classes enumerated.

In the *Thomas* case the money was paid to the one who incurred expense for the insured's last illness and burial. Speaking by Mr. Justice PAXSON, we said (p. 599) : "The company paid this money to the person appearing to it to be equitably entitled thereto, and produced a receipt signed by her for the same. This was a complete defence, under the very terms of the policy. It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties."

We have also considered clauses which do not confer a discretion upon the company to select the person equitably entitled to payment, but which do provide that the production by the company of a receipt from a person of the classes named is conclusive evidence that all claims under the policy have been satisfied. Such was the clause in *McNally v. Metropolitan Life Ins. Co.,* 16 Pa. Superior Ct. 111, which was affirmed by this Court in 199 Pa. 481, and in *Smith v. Metropolitan Life Ins. Co.,* 222 Pa. 226. We decided that the company was bound in such case to pay the beneficiary named in the policy.

It is argued that there is a conflict between our decisions in the *Thomas* and *Brennan* cases on the one hand, and the opinions in the *McNally* and *Smith* cases on the other, but such is not the case. Nor should importance be attached to the fact that in the first named cases the beneficiaries were not named, but they were designated in the latter two cases. The true distinction between these two groups of cases is to be found in the

presence or absence of a clause in the policy empowering the insurance company, in its discretion, to pay the proceeds to the person appearing to it to be equitably entitled thereto. Such a clause is contained in the Prudential policies construed in the *Thomas* and *Brennan* cases, and is found in the present case. It is absent in the Metropolitan policies construed in the *McNally* and *Smith* cases. This difference has always been recognized, and it is the reason that we follow now the *Thomas* and *Brennan* decisions. In the *McNally* case, supra, Judge ORLADY specifically held that the interpretation of the policy there involved was not controlled by our decisions in the *Thomas* and *Brennan* cases, because of the variation in the wording of the policy. He said (p. 114): "Here we have a very different provision. The application designates this plaintiff as a sole beneficiary. The company has nothing to do with determining who is 'equitably entitled' to this money. No discretion is vested in it by the contract, to weigh and decide between conflicting worthiness, and to act as conclusive judge of its own liability." On appeal to this court we affirmed the conclusion which he reached.

Our view is that the discretion to select the beneficiary is by the terms of this contract conferred upon the insurance company. It is not suggested that this discretion was exercised by it in bad faith. The right of the insured to delegate this discretion to the defendant is based upon sound public policy and is well established by authority. Hence the production of the receipt signed by the undertaker, is conclusive evidence that the defendant has satisfied all its obligations under the policy.

The judgment of the Superior Court is reversed, and judgment is here entered for the defendant.