## Milner v. Prudential Insurance Company of America

*Lee B. Sacks*, for plaintiffs.

*Rawle & Henderson*, for defendant.

BURCH, J., April 21, 1961.—This is an appeal from an order entering judgment on the pleadings in favor of defendant.

The complaint avers that defendant insurance company issued three policies on the life of Emma Milner, decedent, having a total value of $576.61; that the beneficiary of said policies is decedent's estate; that executors demanded payment but defendant insurance company has failed and refused to pay the sums due under the policies.

The answer admits the issuance of the policies, the death of the insured and claim made by executors. In new matter defendant avers that the policies contained a facility of payment clause which provides that "The Company may pay the Benefits provided in this Policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the Insured, for his or her burial or for any other purpose, . . ."; that defendant has paid the death benefits in the amount of $576.61 to Elsie M. Nickel, a sister of decedent; that the said Elsie M. Nickel incurred expenses on behalf of said decedent during her lifetime and paid premiums and in other respects is equitably entitled to the death benefits provided by said policies.

Plaintiff filed a reply to new matter admitting all the allegations except the allegation that Elsie M. Nickel was in any way equitably entitled, which was specifically denied by plaintiff.

When an insurance policy contains a facility of payment clause the insurance company is authorized in its discretion to select the person or persons within the designated classes to whom payment shall be made:

Thomas v. Prudential Insurance Company of America, 148 Pa. 594 (1892) ; Beard v. John Hancock Mutual Life Insurance Company of Boston, 326 Pa. 430 (1937).

The sole question presented by this case is whether a blood relative must also be "equitably entitled" in order to qualify as a beneficiary under the facility of payment clause.

Plaintiff argues that, in effect, the facility of payment clause designates but one class, namely, persons who are equitably entitled, and the reference to relatives, or connections by marriage does not qualify such persons as beneficiaries unless they are also equitably entitled independently of their relationship to the insured. We believe this position is completely untenable. The facility of payment clause authorizes payment to any relative by blood, or connection by marriage, or to any other person appearing to the company to be equitably entitled. The three classes are separate and distinct and the meaning of the clause is clear and unambiguous.

In Parry v. Colonial Life Insurance Co., 38 D. & C. 240 (1940), it was held that under the facility of payment clause, payment by the insurance company to a stepdaughter of the insured who was not a relative by blood and who was not equitably entitled by payment of expenses, was a valid defense in an action brought on the policy by the personal representative of the insured.

In Beard v. John Hancock Mutual Life Insurance Company of Boston, 326 Pa. 430, 435 (1937) it was said:

"In the present policy, as we have seen, it says 'The company may make payment *either to the beneficiary above named . . . or* to the executor or administrator of said insured, *or* to any relative by blood or connection by marriage, *or* to any person *appearing to the com-*

*pany* to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the insured for burial or for any other purpose. . . .' It is apparent that by the foregoing language the right to select the beneficiary is lodged solely in the insurance company, and it alone may designate the person entitled to payment. It is immaterial that there is a named beneficiary. The direction that the company pay the proceeds of the policy to a person named therein is permissive merely, and not mandatory. The real beneficiary, by this provision of the policy, may be the person designated as such therein, or someone within the classes mentioned (viz.: executor, administrator, relative, or person equitably entitled to payment)."

The insurance company having elected to make payment to Elsie M. Nickel, a blood relative of the insured, it has satisfied its obligation under the policy. The averment in new matter that Elsie M. Nickel was equitably entitled to the proceeds may be treated as surplusage and the denial of this averment in plaintiff's reply does not raise an issue which requires a trial.

For the foregoing reasons defendant's motion for judgment on the pleadings was granted.