# Robinson *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Killing of insured by beneficiary.*
Where a husband takes out a policy of life insurance, and pays
the premium, and the policy provides for the payment to him of an
endowment after he reaches a specified age, and if he dies before
such age is reached, for the payment of the fund to the beneficiary
named, or to the executor or administrator, or to certain other
persons described who might appear to the company to be equitably
entitled to the fund, and the insured names his wife as beneficiary,
and she feloniously kills him before he reaches the specified en-
dowment age, she thereby disqualifies herself from taking the fund,
but the insurance company will be liable to pay it to the adminis-
trator of the deceased.

Argued Nov. 21, 1917.    Appeal, No. 200, Oct. T., 1917,
by defendant, from judgment of C. P. Del. Co., March
T., 1916, No. 250, on verdict for plaintiff in case of J.
Rohrman Robinson, Administrator of Estate of Elmer
Freeney, deceased, v. Metropolitan Life Insurance Com-
pany.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD,
KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

ROBINSON *v.* METROPOLITAN L. INS. CO., Appel. 275

274, (1918).]    Verdict—Opinion of the Court.

Assumpsit on a policy of life insurance. Before
BROOMALL, J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $221.52. De-
fendant appealed.

*Error assigned,* amongst others, was in overruling de-
fendant's motion for judgment n. o. v.

*W. Roger Fronefield,* for appellant.—The defendant
contends that Mary Freeney was the beneficiary and
there was no contract to pay the estate of the insured
and whether or not Mary Freeney killed the insured had
nothing at all to do with the case: Barner v. Lyter, 31
Pa. Superior Ct. 435; Deginthers App., 83 Pa. 337;
Smith v. Metropolitan Life Ins. Co., 222 Pa. 226; Mc-
Nally v. Metropolitan Life Ins. Co., 199 Pa. 481; Thomas
v. Prudential Ins. Co., 148 Pa. 594.

*William H. Ridley,* for appellee, cited: Cleaver v. Mu-
tual Reserve Fund Life Assn., L. R. Queen's Bench Di-
vision Vol. 1 (1892) 147; Schmidt v. Northern Life
Assn., 51 L. R. A. 141.

OPINION BY HENDERSON, J., March 2, 1918:

The plaintiff's action is founded on a life insurance
policy issued on the life of Elmer Freeney according to
the terms of which the company agreed to pay to the in-
sured at the next anniversary of the policy after the in-
sured passed the age of seventy-nine years the sum of
$213. The policy contained the further covenant "And
doth further agree subject to the conditions aforesaid if
the insured shall die prior to the date of the maturity of
the endowment to pay upon receipt of proofs of the death
of the insured made in the manner, to the extent and
upon the blanks required herein and upon surrender of
this policy and all receipt books the amount stipulated

in said schedule." The schedule is as follows: "Number of Policy, 42064740; Date Jun. 14-1909; Name of the Insured, Elmer Freeney. Age next birthday, 27 years; Weekly Premium, 15 cents; Amount payable at end of Endowment period or in the event of death after six months, $213." Another provision of the policy is this: "In case of such prior death of the insured the company may pay the amount due under this policy to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured or to any other person appearing to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial and the production of a receipt signed by either of said persons shall be conclusively evidence that all claims under this policy have been satisfied." Following this are the words: "Name of beneficiary and relationship to the insured, Mary F. Freeney, Wife." Before the insured reached the age limited for the payment of the amount of the policy he was feloniously killed by his wife. Subsequently letters of administration were taken out on his estate and this action was brought by the administrator to enforce the covenant in the policy. The contention of the plaintiff was that the wife was disqualified by her felonious act from deriving any benefit under the contract and that the estate of the decedent was therefore entitled to recover the amount stipulated to be paid at the death of the insured. The position of the defendant is that Mary Freeney was the beneficiary, that there was no contract to pay the estate of the insured and the fact that the insured was killed by his wife had nothing at all to do with the case. The learned trial judge directed a verdict for the plaintiff and subsequently filed an opinion overruling a motion for judgment non obstante veredicto. It is conceded that by her act Mrs. Freeney disqualified herself to become a beneficiary and an action by her could not be maintained against the defendant. Is the latter,

therefore, relieved from liability to pay to anyone? The contract was made directly with Elmer Freeney. He paid the consideration and payment was to be made to him. The contingency of his death before he reached the age of seventy-nine years was taken account of, however, and provision made that the company might pay either to the beneficiary named or to the executor or administrator or to the other persons described who might appear to the insuring company to be equitably entitled to the fund. In naming the wife as beneficiary it was manifestly in contemplation of the parties that she would not only be alive but capable of receiving the benefits of the policy. She voluntarily removed herself from the class of persons entitled to take. Conceding therefore as held in McNally v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct. 111, that the wife was the first nominated beneficiary and therefore entitled to the fund any right of Mrs. Freeney ceased to exist coincidently with the death of her husband. In effect, therefore, there was no named beneficiary when the obligation of the company to pay arose. Under such circumstances the election of the company to make payment to the executor, administrator or other person of the classes named might perhaps have been exercised. But this was not done. The controversy is not whether the company is bound to pay to some particular person but whether it is obligated to pay at all. Its contract was to pay on the contingencies specified. If the person to whom payment was to have been made had previously died or was incompetent to be a beneficiary the company is not thereby absolved from payment. Public policy excuses it from performance according to the terms of the contract so far as the named beneficiary is concerned, but the application of this doctrine can not be carried to the extent that one is released from the performance of a contract where the full consideration has been received and nothing is left to be done except to pay the money agreed on where justly and equitably payment should be made to the es-

tate of the person who paid the consideration. / The condition on which payment was to be made has arisen; the first beneficiary has ceased to exist, legally speaking; the defendant has not paid any other person to whom payment could have been made and denies liability to pay to anyone. On such a state of facts the fund should be paid to the estate of the decedent. / It is not reasonable that the felonious act of the beneficiary should discharge the obligation of the insurer and nothing in the contract requires us to hold it exempted. The same question arose in Iowa in Schmidt, Administrator, v. Northern Life Assn., 51 L. R. A. 141, and it was there held that the liability of the insurer was not defeated when the beneficiary's rights were forfeited by causing the death of the insured but that the administrator of the deceased could maintain an action on the policy. The reasoning in Clever, Admr., v. Mutual Reserve Fund Life Assn., Vol. 1, Law Rep. Queen's Bench Div. reaches a similar conclusion. It was held in that case that the executors of a person who had effected an insurance on his life for the benefit of his wife can maintain an action on the policy notwithstanding the fact that the death of the insured was caused by the felonious act of the wife. The trust created by the policy in favor of the wife having become incapable of being performed on account of her crime the insurance money formed a part of the estate of the insured. We are of the opinion that the case was properly disposed of by the trial court.

Judgment affirmed.