## Petrillo et al. v. Sampieri

*E. E. Petrillo, Esther Israel Katten,* and *Jeffrey M. Sobel,* for petitioners.

*English, Quinn, Leemhuis & Tayntor,* contra.

HIRT, J., November 9, 1934.—By stipulation, this case was treated as an issue and tried by the court without a jury. The following are the admitted facts:

Pennsylvania Mutual Life Insurance Company, in 1929, issued a policy of insurance upon the life of Ninetta Sampieri and a second similar policy in 1930, in both of which her husband Antonio Sampieri was named beneficiary. Ninetta Sampieri was feloniously killed by her husband on March 16, 1932, for which crime he was convicted of murder in the first degree and was sentenced to life imprisonment. Both policies were then in force, and, on petition of the insurance company, admitting its liability, we allowed the proceeds of both policies to be paid into court. This issue between the estate and the children of deceased as against the beneficiary named in the policies is to determine who is entitled to the proceeds of these two insurance policies.

Plaintiffs, the administrators of the estate of Ninetta Sampieri and the guardian of her children, claim the fund on the ground that the defendant, having murdered his wife, cannot profit by his own wrong, and by his felonious act has forfeited his rights as beneficiary. If the defendant, by the felonious killing of the insured, is disqualified from taking the fund as beneficiary, the administrators of the deceased will be entitled to it: Robinson v. Metropolitan Life Ins. Co., 69 Pa. Superior Ct. 274. In that case, on facts parallel with the case at bar, it was conceded that the beneficiary, by the felonious killing of the insured, was disqualified from maintaining an action on the insurance policies; therefore that case is not an authority which will bar the defendant's right to the fund.

The question of attainder is not involved, for attaint is prohibited by article I, secs. 18 and 19, of the Constitution; and section 22 of the Wills Act of June 7, 1917, P. L. 403, and section 23 of the Intestate Act of June 7, 1917, P. L. 429, which provide that no one adjudged guilty of murder in the first degree shall take either by inheritance or under the will of the person killed, do not apply. The fund is claimed by defendant, not as surviving husband or as heir, or as legatee of his deceased wife, but as beneficiary named in policies of insurance upon her life. Defendant's right to recover, therefore, must depend upon the contract of insurance, to which he was made a party by being named as beneficiary, as affected by his act of murdering the insured.

Carpenter's Estate, 170 Pa. 203, a leading case, which does not decide the question involved here, recognizes the distinction between claims based upon corruption of blood by reason of attainder, and those cases which are based upon a fraudulent abuse of a contract right and refers to one authority as follows: "The case of New York Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, cited for the appellant, merely decided that proof that

the assignee of a policy of life insurance caused the death of the assured by felonious means was sufficient to defeat a recovery on the policy. Mr. Justice Field, delivering the opinion, said, 'It would be a reproach to the jurisprudence of the country if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he has willfully fired,' thus showing that the decision was based entirely upon the ground of fraud upon a contract right." The case at bar is similarly based, and since only contract rights are involved here, we are not concerned with the provisions of the intestate and the wills acts, supra, for the law of intestacy, descent or will, does not operate. Therefore the conclusion of the majority of the Supreme Court in Tarlo's Estate, 315 Pa. 321, has no application. However, a quotation from a dissenting opinion of Mr. Justice Kephart in that same case, discussing general principles, is directly pertinent, as follows: "It is not the province of equity to administer the criminal law but to secure restitution to a person wronged, by compelling the wrongdoer to give up the fruits of his misconduct to the extent to which he was benefited by such misconduct or to the closest approximation to complete justice. On principle, it is apparent that a court of conscience must, if possible, intervene to prevent a murderer from enjoying the property of his victim,—a result so sordid and so abhorrent to all principles of fairness and right. This may be done by the application of the well established and frequently employed equitable doctrine or principle that no person shall be permitted to profit or be unjustly enriched as the result of unlawful acts committed by him." In this dissenting opinion, many authorities are cited on this principle.

No authority should be necessary to sustain plaintiff's contention in a court of justice. It is inconceivable, on any ground, that a beneficiary who has accelerated the

maturity of a life insurance policy by his felonious act should be permitted to benefit thereby. If authority is required, the above references should be sufficient.

### Conclusion of law

Edward E. Petrillo and Louis Phillips, administrators of the estate of Antonino Sampieri, also known as Ninetta Sampieri, deceased, are entitled to the proceeds of both of the insurance policies, and judgment should be entered in their favor in the sum of $897, less costs of this proceeding.

### Decree

And now, to wit, November 9, 1935, the prothonotary is directed to give the parties or their attorneys notice of this opinion and if no exceptions are filed thereto within 30 days after service of such notice, judgment shall be entered in accordance herewith by the prothonotary.