# Smith, Appellant, *v.* Metropolitan Life Insurance Company.

*Insurance—Life insurance—Beneficiary—Wife—Death of wife—Change of beneficiary.*

Where a husband takes out a policy of life insurance on his life in favor of his wife without designating that in case his wife dies in his lifetime, the policy shall be payable to her executors, administrators or children, and the husband continues to pay the premiums and survives his wife, he may change the beneficiary in the policy after her death for the benefit of any other person, such as a daughter.

Where all the conditions of fact expressly provided for in any contract have failed and the contract is silent as to anything further, regard must be had to the fundamental intent and effect of the contract. The contract of life insurance contemplates a payment by the insurer upon the death of the insured. That is the certain primary intent and does not admit of doubt. The secondary question, to whom is the payment due, is contingent on the circumstances.

The naming of a beneficiary to whom payment is to be made is a gift of a benefit in future, but is contingent on the circumstances. Thus it carries with it no obligation to the beneficiary that the donor will keep the policy alive by continuing to pay the premiums. That is contingent on his doing so voluntarily. And the nature of the thing given would seem to imply that the beneficiary must survive the insured.

Where a husband names his wife, without further mention, as beneficiary in a life insurance policy, and after her death secures from the agent of the insurance company, a printed blank called "change of designation," which he executes, thereby substituting his daughter as beneficiary, and this paper is accepted by the company which continues to receive the premiums on the policy for seven years, the company is estopped from disputing the validity of the paper, although the paper may not have been strictly in accordance with the by-laws of the company.

A provision in a policy of life insurance that a production by the company of the policy, and of a receipt for the sum assured by the executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, shall be conclusive evidence that such sum has been paid to the person or persons lawfully entitled to the same, will not relieve the insurance company, where it has paid the amount of the policy to the executor of the insured, instead of to the beneficiary lawfully entitled to it.

Argued Feb. 19, 1908.   Appeal, No. 359, Jan. T., 1907, by plaintiff, from judgment of Superior Court, Oct. T., 1906, No. 227, affirming order of C. P. Schuylkill Co., Jan. T., 1906, No. 36, refusing to take off nonsuit in case of Esther A. Smith v. The Metropolitan Life Insurance Company of New York. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and EL-KIN, JJ.   Reversed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court, and by the report in 34 Pa. Superior Ct. 72.

*Error assigned* was the judgment of the Superior Court.

*James B. Reilly,* with him *George W. Ryon,* for appellant. —The wife's rights under the policy terminated with her death : Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195 ; Herr v. Reinoehl, 209 Pa. 483 ; Central Bank v. Hume, 128 U. S. 195 (9 Sup. Ct. Repr. 41) ; Olmsted v. Keyes, 85 N. Y. 593.

*R. H. Koch,* with him *Guy E. Farquhar,* for appellee.— The following cases seem to us to clearly sustain the judgment of the court below : Waltz v. Mut. Aid Society, 5 Pa. C. C. Rep. 208 ; Anderson's Est., 85 Pa. 202 ; Brown's App., 125 Pa. 303 ; Entwistle v. Ins. Co., 202 Pa. 141 ; Glanz v. Gloeckler, 104 Ill. 573 ; Weston v. Richardson, 47 L. T. (N. S.) 514 ; Pence v. Makepeace, 65 Ind. 345 ; Allis v. Ware, 28 Minn. 166 ; Herr v. Reinoehl, 209 Pa. 483 ; Watt v. Gideon, 22 Pa. C. C. Rep. 499 ; Jones v. Jones, 23 Pa. C. C. Rep. 254.

OPINION BY MR. CHIEF JUSTICE MITCHELL, October 5, 1908 :
Gordon took out five separate policies of insurance on his own life.   No beneficiary or person to whom the insurance should be paid on the death of the insured was named in any of the policies, but in the applications for three of them, in answer to the printed question as to whom the money should be payable to, the name of his wife was written.   In the other two there was not even this designation of a beneficiary, but it was conceded at the trial that the insurance was intended

for her benefit and that the policies were handed to her by the insured. The trial court, therefore, treated all the policies as alike in her favor as beneficiary, and for the purposes of this case no question on this point need be considered.

The wife died first, and subsequently the husband by written order, on a blank " change of designation " furnished by the company, appointed his daughter, the plaintiff, as the beneficiary. She brought suit, and on the trial was nonsuited on the ground that the interest in the policies had vested in the wife, and at her death passed to her administrator as part of her estate.

In support of this result reliance is had principally on the cases of Anderson's Estate, 85 Pa. 202 ; Brown's Appeal, 125 Pa. 303, and Entwistle v. Ins. Co., 202 Pa. 141. The facts, however, in these cases were so different that none of them can be regarded as a controlling authority for the present. In Anderson's Estate the policy was payable to the wife, " her executors, administrators or assigns." The insured (husband) having died insolvent the money was claimed by his creditors, but it was held that it was an asset of the wife.

In Brown's Appeal the policy was payable to the wife, and in case of her death before that of the insured then to her children. The wife and the husband jointly executed an assignment, and after the wife's death it was held on interpleader that the children had title under the original contract, and it could not be divested by the assignment.

In Entwistle v. Insurance Company the insurance was payable to the wife, and if she died before the husband then to the children, but if the husband survived both wife and children then to his legal representatives. By the terms of the policy its value was convertible into cash at the option of the holder after fifteen years. Husband and wife sought to exercise the option, but it was held that the children had a beneficial interest which brought them within the term " holders," and could not be divested without their sanction.

In all the foregoing cases the contingency presented by the state of facts was one expressly provided for in the policy, and it is beyond question that where such is the case the terms of the policy, which is the substantial contract of the parties, must govern. But where, as in this case, a state of facts ex-

ists for which the policy makes no express provision, a very different question is presented.

In Brown's Appeal it was said that the death of the wife in the lifetime of her husband " extinguished her interest in the policy," and in Entwistle v. Insurance Company " the interest of the wife was wholly contingent upon her surviving her husband. . . . If the wife die before the insured she will take nothing under the policy." These expressions, of course, and the decisions in which they were used were based, as already said, on the language of the policies, but the same result would follow upon general principles. Where all the conditions of fact expressly provided for in any contract have failed and the contract is silent as to anything further, regard must be had to the fundamental intent and effect of the contract. . The contract of life insurance contemplates a payment by the insurer upon the death of the insured. That is the certain primary intent, and does not admit of doubt. The secondary question, to whom is the payment due, is contingent on the circumstances.

The naming of a beneficiary to whom payment is to be made is a gift of a benefit in future, but is contingent on the circumstances. Thus it carries with it no obligation to the beneficiary that the donor will keep the policy alive by continuing to pay the premiums. That is contingent on his doing so voluntarily. And the nature of the thing given would seem to imply that the beneficiary must survive the insured. Thus in the present case the gift is equivalent to a provision that when the husband dies, having kept the policy alive, the wife shall be entitled to the money. But the intent is to provide for her, not for any other, and if she has died first, the expressed intent is incapable of fulfillment and we are not at liberty to supply a further intent which the donor did not indicate. He might have done so by naming her executor, or administrator, or children, at his own choice, but as he did not do so we are not authorized to make a choice for him. The natural presumption is that he did not desire such result, nor intend to continue to pay premiums for the benefit of any other person.

At the inception of the contract the whole disposition of the insurance money was within the control of the insured. He

might have provided in the policy for its disposition under any and all conditions, but he did not. By the designation of his wife as the party to receive it, he vested a right in her and to that extent parted with his control. But he did nothing more, and on her death before his, the condition failed and the right of control which he had only parted with on condition, returned to him, and in the absence of any further disposition by him would have become an asset of his estate.

The cases relied upon by the learned court below, as already said, differed so entirely in their essential facts that they are not authority for this. No Pennsylvania case has decided the question now raised. Outside of this state the decisions are not in entire harmony, but the weight of authority is with the views above expressed. In 13 Am. & Eng. Ency. of Law, p. 654, the general rule is thus stated :

" Ordinarily where the insured survives those specified to take at his death, the insurance money, where no other disposition is made of it, becomes, at his death, a part of his estate, to be administered as his will, or in the absence of a will, as the law directs." . . .

" But where a person, as a husband, takes out a policy on his life, in favor of another, as the wife, without further mention, and pays the premiums, and he survives the beneficiary, he may change the policy for the benefit of any other person, as a subsequent wife : " Id. 656.

This brings us to the consideration of the plaintiff's claim. The wife, the beneficiary designated in the applications, died in 1897, and the next year the insured substituted his daughter, the plaintiff, as beneficiary. The testimony was, that desiring to do so the insured applied to the agent of the insurance company, was furnished by him with printed blanks, called " change of designation " which he executed, thereby substituting his daughter, the plaintiff, as beneficiary, in place of his wife who was dead. These changes of designation were delivered to the defendant company and were accepted by it. The company thus recognized the right to change the beneficiary, accepted the method of doing so and for more than seven years the insured continued to pay and the company to receive the premiums on the basis of such change. Whether the papers were strictly in accordance with the requirements

of the by-laws of the company is immaterial. So far as the case was developed every element of estoppel exists to prevent the company from now disputing their validity.

As the trial in the court below, however, resulted in a nonsuit no evidence was given for the defendant, but it appears from the affidavit of defense that the company paid the insurance money to one Thomas S. Gordon, executor of the insured, and reliance is apparently placed on a clause in the policies, varying somewhat in expression but substantially to the effect that " the production by the company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

Similar clauses are not uncommon in the class known as " industrial insurance," where the amounts and estates are small and the purpose is to avoid the necessity of the expense of formal administration by law. But they are not intended and could not be allowed to override rights fixed by the policies. If, for example, the wife had survived the husband in this case, no such clause as that quoted could make a payment to his executor a valid defense against her vested claim as primary beneficiary. If the plaintiff's substitution as beneficiary was valid, as prima facie it appears to be, the payment to Thomas S. Gordon, as executor of the insured, is no defense. But it is intimated that the fact as well as the good faith of the nominal substitution as between father and daughter are open to question. As the case did not reach the stage for evidence on that point, we express no opinion upon it.

Judgment reversed and procedendo awarded.