# Greensburg Title & Trust Co. *v.* Aspinwall-Delafield Co., Appellant.

*Corporations—Stock — Transfer — Fraudulent issue of stock—Officers—Notice—Pleadings—Estoppel.*

1. Where the secretary of a corporation who is not prohibited from owning stock in the company, and whose signature under the by-laws is necessary to the certificate of stock, offers such a certificate, made out in his own name, for sale or as a security for a loan, the person to whom it is offered, is not bound to make inquiry of other officers of the company as to its genuineness.

2. In an action against a corporation for refusal to transfer a certificate of stock, the only way in which the plaintiff can reply to the allegation of the fraudulent issue of the stock, is by setting up an estoppel and claiming to recover whatever is due.

3. It is not necessary to bring a separate action on the basis of the estoppel.

Argued October 21, 1919. Appeal, No. 7, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 606, on verdict for plaintiff in case of Greensburg Title & Trust Company v. Aspinwall-Delafield Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit for refusal to transfer a certificate of stock. Verdict and judgment for plaintiff for $5,676.25.

On motion for a new trial and for judgment for defendant n. o. v., SHAFER, P. J., filed the following opinion:

The affidavit of claim in this case sets out that the plaintiff loaned to one Charles A. Phillips certain moneys on the faith of certain certificates of stock standing in his name, said to be issued by the defendant company, and that upon his failure to pay they had sold the stock according to their agreement with him, and thereby became owners of it and demanded the transfer of the stock, which was refused. The affidavit of defense denied the issuance by the company of the stock, but alleged the signature of the president thereto was a forgery, and that the stock was fraudulently issued by the secretary without any authority to do so and without the receipt by the company of anything for the stock. Upon the issue thus framed a jury found for the plaintiff. The jury were instructed, however, that if the stock had been fraudulently issued by the secretary, although the signature of the president was genuine, the measure of damages was not the value of the stock but only the amount of money paid out by the plaintiff on the faith of the certificate; and for that amount the jury brought in a verdict for the plaintiff.

It is contended by the defendant, on the motion for a new trial, that the plaintiff should not have been allowed to recover anything at all on the pleadings as they stood unless it could show ownership of the stock and that if it is to recover anything against the defendant on the ground of estoppel it must do so on another action in which that ground is set out. In our system of pleadings where a reply to new matter set up in an affidavit of defense is made only by producing evidence on the trial and not by replication, the only way in which the plaintiff in this case could reply to the allegation of the fraudulent issue of the stock was by setting up an estoppel and claiming to recover whatever was due them on it. The plaintiff could not know, when it had in its hands what the jury has said was a genuine certificate, that the defendant would claim it was fraudulent, and

they were not bound to bring two suits, one on each theory, either at the same time or one after the other.

The motion for judgment notwithstanding the verdict is founded in part upon the matter of pleading which has just been discussed but principally upon the claim that the evidence showed the plaintiff not to have been a bona fide purchaser, without notice, of the certificates in question. This is founded upon the contention that when one of the officers whose signature is necessary in the making of a certificate of stock offers such a certificate, made out in his name, for sale or as security for a loan, the person to whom it is offered is bound to make inquiry of other officers of the company as to its genuineness, and that the fact that the certificate was signed as an officer by the person in whose favor it is made out as an individual is sufficient to raise a suspicion that it may not be genuine. No case has been cited to us from the appellate courts of Pennsylvania on this matter. The defendant relies principally upon the cases of Moores v. Citizen's National Bank, 111 U. S. 156; and Farrington v. South Boston R. R., 150 Mass. 406; and the plaintiff cites the case of Railway Co. v. Citizen's National Bank, 56 Ohio 351. In the present case it appears that the by-laws provided that the certificates of stock should be issued by the president and secretary under the seal of the company; that there was no provision in the by-laws prohibiting either the president or secretary from holding stock, and that in fact the president and secretary did hold a considerable number of shares of stock, to the knowledge of the company, and it further appears that this was known to the plaintiff. We are of opinion that the law applicable to such a state of facts is correctly stated in the Ohio case last above mentioned, as follows [pp. 380, 381]:

"As the secretary had the right to hold stock, and did hold it, and as but one mode is provided by . . . . . the rules of the company for the issue of stock certificates, the fact that a certificate is issued in his favor cannot of itself

be adjudged a circumstance calculated to place an ordinarily prudent man on inquiry......Protection against the possibility of such fraud is provided in the requirement that the certificate shall be signed by the president as well as the secretary. Either, by this requirement, must be deemed a sufficient check on the dishonesty of the other, where the company itself has provided no other check. Where, then, one of the officers becomes negligent or conspires with the other to commit a fraud on the company, by the issue of spurious stock, which comes into the hands of an innocent holder for value, who should more reasonably suffer the loss than the company who selected its president and secretary and thus placed it in the power of one or both to practice the fraud?"

We are of opinion, therefore, that under the circumstances shown in the evidence in this case the plaintiff was not put upon any inquiry as to the validity of the certificate by the mere fact that it stood in the name of the same person who was secretary.

For these reasons the motion for a new trial and the motion for judgment notwithstanding the verdict are both refused and it is ordered that judgment be entered on the verdict upon payment of the verdict fee.

Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*James G. Marks,* for appellant.

*R. A. Balph,* with him *James Balph,* for appellee.

PER CURIAM, January 5, 1920:

The judgment in this case is affirmed on the opinion of the learned court below refusing the motions for a new trial and for judgment for the defendant non obstante veredicto, and directing it to be entered for the plaintiff on the verdict.