## Girsh *v.* Rolland, Appellant.

*Brokers—Real estate brokers—Commissions—Efficient procuring cause of sale—Case for jury.*

1. In an action by a real estate broker to recover commissions, the plaintiff must establish that he was the efficient procuring cause of the sale.

2. Where a broker has been the efficient cause of procuring a buyer, the mere fact that the sale was finally concluded through a second broker, will not deprive the first of his commissions.

3. An owner of real estate may contract so as to render himself liable for commissions to two different brokers.

4. The court is concluded by a verdict properly found, although as triers of the facts it might have reached a different conclusion.

Argued November 30, 1925. Appeal, No. 366, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1924, No. 970, on verdict for plaintiff, in case of Joseph Girsh v. George M. B. Rolland. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions on sale of real estate. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,275. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*Marc Billett,* for appellant.—The evidence was not sufficient to take the case to the jury on the issue as to whether plaintiff was the efficient procuring cause of the sale, and also on the issue of payment: Cathers v. Patchel, 82 Pa. Superior Ct. 257; Mitchell v. Baldwin Locomotive Works, 265 Pa. 148; Groskin v. Moore, 249 Pa. 242; Earp v. Cummins, 54 Pa. 394.

*Julius C. Levi,* with him *Alvin L. Levi* and *David Mandel, Jr.,* for appellee.—The case was for the jury: Wilson v. Franklin, 282 Pa. 189; Sowney v. Bair, 269 Pa. 448; Aber v. Penna. Co., 269 Pa. 384; Cain v. Werner, 67 Pa. Superior Ct. 438.

OPINION BY MR. JUSTICE WALLING, January 4, 1926:

On November 14, 1923, defendant, the owner of property situated on the northeast corner of Forty-Sixth and Sansom streets, Philadelphia, entered into a written contract to sell the same to Jacob A. Zincoff et al., for $96,000, which sale was consummated on May 14, 1924. Whereupon plaintiff brought this suit for a balance of $3,000, claimed as broker's commissions for negotiating

the sale. The trial resulted in a verdict and judgment in his favor for the full amount and defendant has appealed.

The record discloses no cause for reversal. On October 30, 1923, defendant agreed in writing to pay plaintiff $4,000 in case he secured a purchaser for the property at $96,000. To recover, plaintiff must establish that he was the efficient procuring cause of the sale (Mitchell v. Baldwin, 265 Pa. 148; Groskin v. Moore, 249 Pa. 242; Cathers v. Patchel, 82 Pa. Superior Ct. 257), and this suit was based on that contention. Packman Brothers were real estate agents and plaintiff called their attention to the property and also introduced defendant to them. They were agents for Zincoff in the purchase of various properties and he declined to buy from defendant, except upon their approval, which they declined to give unless paid a commission. Defendant testified that thereupon he had a private interview with plaintiff who consented to take $1,000 for his service, so that a commission might be paid Packmans. Plaintiff denied such agreement; but, in any event, defendant paid Packman Brothers $3,875 and the sale was consummated. Plaintiff was paid one thousand dollars by defendant, the several checks therefor stating that it was on account of commissions. The trial judge left to the jury the question as to whether plaintiff was the efficient procuring cause of the sale and also whether he had agreed to accept $1,000 for his services. The verdict determined both questions in his favor, and although there was a conflict in the evidence neither question could be withdrawn from the jury. Plaintiff was present and signed the sales contract as a witness and under the testimony in his behalf it could be well found he was the efficient and procuring cause of the sale and, armed with a written agreement for his commission, the disputed question as to its modification was for the jury: Bossart v. Erie Coal Mining Co., 276 Pa. 63. Even had defendant closed the sale directly with the buyer or with his agent

that would not deprive the broker of his commission: Gibson's Est., 161 Pa. 177; Keys v. Johnson, 68 Pa. 42. "Where one broker has been the efficient cause of procuring a buyer, the mere fact that the sale was finally concluded through a second broker, will not deprive the first of his commissions": Wilson et al. v. Franklin, 282 Pa. 189; see also Sowney v. Bair, 269 Pa. 448; Aber v. Pa. Co. for Ins. on Lives, etc., 269 Pa. 384; Peters v. Holmes, 45 Pa. Superior Ct. 278, 282; Warne v. Johnston, 48 Pa. Superior Ct. 98; Cain v. Werner, 67 Pa. Superior Ct. 438. When defendant got the case fairly submitted to the jury on the controlling questions above stated, he got all he could properly ask. We cannot reverse merely because the jury might have found in his favor, or because it is a hardship for him to pay a further commission. The case being one for a jury, we are concluded by the verdict, even though as triers of the facts we might have reached a different conclusion: Com. v. Daynarowicz, 275 Pa. 235. A liability to plaintiff for a commission is not necessarily abrogated because defendant has unfortunately paid a commission to another. A man may by contract render himself liable for two commissions. There was evidence from which the jury could properly find for plaintiff, hence, the case was for the jury: Hyatt v. Johnston, 91 Pa. 196.

The assignments of error are overruled, the judgment is affirmed and the motion to quash the appeal is dismissed pro forma.