Spry et al. *v.* The Farmers' Union Mutual Fire Insurance Co. of Pa.

Argued December 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*J. Willard Paff* of *Smith and Paff*, for appellants.— The plaintiff should have been permitted to amend his statement of claim: Fuel City Mfg. Co. v. Waynesburg, 268 Pa. 443; Todd v. Insurance Company, 9 Pa. Superior Ct. 371; Rochester Boro. v. Kennedy, 229 Pa. 251; Lehigh National Bank v. Seyfried, 283 Pa. 1.

*T. McKeen Chidsey* of *Chidsey, Maxwell and Frack*, for appellee.—The proposed amendment was improper: Wernick v. Pittsburgh Underwriter's Agency, 90 Pa. Superior Ct. 186; Grier Bros. v. Northern Assur. Co., 183 Pa. 334; Card v. Stowers Pork-Packing & Provision Co., 253 Pa. 575.

The proposed amendment would plead a new cause of action after the limitation period: Guaranty Trust & Safe Dep. Co. et al. v. Powell et al., 150 Pa. 16.

OPINION BY LINN, J., February 27, 1931:

Appellant sues to recover $1500 on a policy of fire insurance, and complains here that leave to amend its statement of claim was refused, and that relevant evidence was excluded. Before the case was called for trial, plaintiff asked leave to amend, setting forth in the petition a copy of the statement of claim proposed to be filed; a rule to show cause was granted, and, after hearing, was discharged on the ground that it averred a new cause of action after one year, the period in which the policy required suit to be brought. At the trial, leave to amend to the same effect was again

asked, and refused; offers of proof were rejected, as not within the averments of the statement of claim; in that state of the record, binding instructions for defendant were given.

We shall first examine the issue made by the pleadings—the statement of claim and the affidavit of defense. Plaintiff averred that on June 10, 1924, defendant issued its policy to Alpha Slate Company, Inc., and that the policy, when the statement was prepared, was "in the hands of the defendant after having been previously transferred and assigned......" In its affidavit, defendant admitted issuing the policy "insuring personal property of the Alpha Slate Company on property situate in the Borough of Wind Gap," but denied "that said policy was assigned or transferred as alleged in paragraph 1." Defendant's possession of the policy, as averred by plaintiff, was admitted. Plaintiff next averred a sale to it of the insured property; the affidavit admitted the sale, and added, that it was confirmed by the court below September 30, 1925. Plaintiff also averred complete destruction of the property by fire October 15, notice to defendant, and the filing of proofs of loss; the affidavit admitted those allegations, and supplemented them by stating that the proof of loss was filed December 11, 1925, i. e. within 60 days of the fire, as required by the policy. The affidavit denied that the insurance was "transferred and assigned" to the use-plaintiff, as averred, and alleged that, by the sale of the property, "defendant became relieved and discharged of any liability on its part under said policy of insurance, there having been no transfer or assignment of said policy made by the said Alpha Slate Co., Inc., to Colonial Slate Co., Inc., prior to the destruction of the said property on October 14, 1925, as heretofore alleged."

We have, then an assertion by an alleged assignee of the policy, of liability on a fire insurance policy,

and, in defense, a denial of liability, on the single ground of the sale of the insured property without accompanying transfer of the insurance.

Instead of making such complaints of the alleged insufficiency of the statement of claim as defendant might have made, (see Duggan v. Duggan 291 Pa. 556, 559), it filed its affidavit of defense and went to trial, the affidavit, supplying averments of fact that were omitted from, but obviously belonged in, a proper statement of claim.

Bearing in mind, then, the issue so made by the parties, we quote what the learned trial judge said in directing a verdict for defendant. "Now this case is being tried under the original statement, and it seems to the court that where the assignment from the Alpha Slate Company to the Colonial Slate Company requires a written endorsement of the consent of the defendant to that assignment—it says so plainly and explicitly in its policy—and it was not procured, they relied upon the agent's assurance, which is not enough, it should have been procured in writing and was not done, therefore I instruct you to return a verdict in this case for the defendant." That is, recovery was denied because "a written endorsement of the consent of the company to that assignment" was not procured. We are constrained to differ from that view.

Appellant put in evidence the policy produced by defendant; it had been delivered to the defendant by the plaintiff on October 5, 1925—nine days before the fire—with the assignment of the insurance from the assured named in the policy, to Colonial Slate Company Inc., vendee of the insured property, executed by the assignor. Appellant also put in its letter, of the same date, transmitting the policy and requesting approval of the assignment.

Appellant proposed to prove, by witnesses in court, that defendant's duly authorized agent to make such

approvals, had informed appellant's officers that the transfer of the insurance to appellant had been made as requested. The law is well settled that an insurance company may waive the right to insist on written compliance with policy provisions, and by its authorized agents, may make such representations of fact as will estop the company from denying the fact so represented: Farmers' Mut. Ins. Co. v. Taylor, 73 Pa. 342, 352; Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475, 478; McGinness v. Caledonian Ins. Co., 78 Pa. Superior Ct. 376; Thomas v. Employers' L. I. Corp., 284 Pa. 129 and cases cited p. 134.

When the rejected offers of proof were made, appellant contended that defendant had waived compliance with the requirement of written consent, and, by representations of its authorized agent, to the effect that the transfer had been made, was estopped from defending on the ground that the assent was not in writing, and offered to prove facts supporting that contention. The objection made, and sustained, was: "it has evidence of probative value only on the question of a waiver of the terms thereof, which is not averred in the statement of claim.

Plaintiff sought to meet that objection by then proposing to amend by averring such waiver, but this was again refused. The reason for refusing amendment appears in the following quotation from the opinion filed in refusing leave to amend before trial: "It would thus appear as if the parties, on October 6, 1925, had attempted to assign the interest of the Alpha Slate Company, but had never acquired the consent of the president or secretary of the company to this assignment. The amended statement of claim avers that the company is estopped from defending on the ground that it received certain payments of premiums, one of which was made by the receiver before the fire, and one of which was made after the fire by the plaintiff, and that it waived a written con-

sent to the transfer by the fact that on or after September 30, 1925, the policy of insurance was delivered to the agent of the defendant for transfer to the Colonial Slate Company, and that the agent advised the receiver, as well as the officers of the Colonial Slate Company, 'that the transfer was being made, and that it had been attended to.' It avers that after it was transferred the agent advised one of the officers of the Colonial Slate Company that the transfer was being made to it. The policy contains a clause that suit must be commenced within twelve months after the fire. Defendant now contends that the amended statement introduced a new cause of action, and that it cannot be allowed after the limitation prescribed by the policy.''

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

''Where, therefore, the by-laws of the company expressly provide that consent to the assignment of the policy in the event of a sale must be given by either the president or the secretary, even if the agent did say the things quoted above, the defendant company would not be bound. What we have said above is a statement of the law that would apply to the case if the present statement had been filed in lieu of the original statement at the time it was filed, but to ask to have it allowed at the present time would be contrary to well understood principles and to adjudicated cases which are to the effect that a new cause of action cannot be introduced after the expiration of the limitation of the new policy.''

We all agree, without now considering whether the amendment was necessary after the parties went to trial, that it was error to refuse leave to amend in the respect requested; plaintiff was not proposing to assert a new cause of action; it relied on its alleged right as assignee of the policy by assignment, assented to by the insurer, to recover for loss by an admitted fire, of goods admitted to have been covered by the

policy formerly in the hands of the vendor-assignor. Notwithstanding the weakness of the original statement, pointed out in the opinion filed below, a distinct issue,—and only one—was made, by the affidavit of defense, to wit: that there had "been no transfer or assignment of said policy" etc. Whether the transfer was to be proved by writing, or otherwise, did not appear in the statement of claim; under the pleadings the fact of transfer might have been proved (1) by producing the policy with defendant's consent, endorsed on it, if it so appeared; or (2) by evidence showing waiver of written consent and estoppel to require it. Defendant's affidavit of defense did not make the issue that written consent was required and had not been obtained; if that had been adequately asserted, there might have been ground for contending that plaintiff should have filed a reply alleging reliance on waiver and estoppel for the purpose of putting that point at issue: cf. Greensburg Title Co. v. Aspinwall, 266 Pa. 160, 161; Fidelity Co. v. Gizynski, 93 Pa. Superior Ct. 152, 156. It must be kept in mind as defendant admitted, that when the statement of claim was drawn, plaintiff did not have the policy to see what it contained on this subject; it was in defendant's possession; the pleader may have assumed that the consent had been written on the policy in compliance with plaintiff's request of October 5, for, not only had that request never been denied but (so plaintiff asserts) defendant's agent informed plaintiff that the transfer had been made. Defendant took no steps to require plaintiff to attach a copy of the policy to the statement of claim. The proposed amendment is mere amplification of what had already been inadequately averred. Defendant could have obtained a more specific statement, as suggested above, or might have forced a reply from plaintiff, (if the issue of no waiver and estoppel was

to be made) by specifically limiting its averment to the denial of, and necessity for, written consent to the transfer.

The assignments of error raising the questions considered are sustained, the judgment is reversed and a new trial is awarded.