Beard, Appellant, *v.* John Hancock Mutual Life Insurance Company of Boston, Mass.

Argued May 5, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton* and *Michael W. Huron,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

The action is assumpsit by the beneficiary named in an industrial life insurance policy against the company. The case was heard upon statement of claim, affidavit of defense, and answer to new matter. Plaintiff took rule for judgment on the pleadings, and defendant filed rule for judgment for want of sufficient reply to new matter.

Both rules were heard together. The court discharged plaintiff's rule and entered judgment in favor of defendant, in an opinion by PIEKARSKI, J.

Meri Hrvojevic the insured, took out a policy of life insurance in defendant company on January 29, 1919, in the sum of $296, naming therein her daughter, Rosie Filipcic, as beneficiary. That named beneficiary is the present plaintiff, since married, and now named Rose Beard.

The insured died January 27, 1932, while the policy was in full force.

The company paid the full proceeds of the policy, not to plaintiff, the named beneficiary, but to one John Lorkovich, the undertaker who had charge of burying the insured, and received his receipt in full.

While meeting plaintiff's averment that at the time of her mother's death, and long thereafter, plaintiff was a minor, with a denial of knowledge and a demand for proof, defendant, in Paragraph Ninth of the affidavit of defense, denies that its action in paying the insurance to the undertaker instead of to the named beneficiary was due to the request which defendant persuaded the then minor beneficiary to sign for such disposition, and which plaintiff promptly repudiated on coming of age,

and defendant on the contrary asserts that such payment to the undertaker, instead of to the named beneficiary, was solely on account of the "facility of payment clause" in the policy.

The policy specifically named Rosie Filipcic, plaintiff and appellant, as beneficiary, and stated her relationship to the assured as that of daughter. Thereafter it provided: "The company may make payment either to the beneficiary above named, if living, or to such other living beneficiary as may be duly and finally designated and recognized by endorsement hereon, or to the Executor or Administrator of said insured or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the Insured for burial or for any other purpose; and the receipt of any such payee shall be conclusive evidence that payment has been made to the person or persons entitled thereto and that all claims under this Policy have been fully satisfied."

The court interpreted the policy as giving that right to the company, regardless of the naming of a living beneficiary therein, and, accordingly, discharged plaintiff's rule for judgment on the pleadings, and entered judgment for want of sufficient reply to new matter in favor of defendant, from which judgment this appeal is taken.

The lower court relied upon two cases referred to in the opinion, to-wit: Thomas v. Prudential Ins. Co., 148 Pa. 594, 24 A. 82, and Brennan v. Prudential Ins. Co., 170 Pa. 488, 32 A. 1042. These cases do not govern or control in the instant case, as in neither case *was there any named beneficiary.* In both of these cases, the promise was to pay "unto his or her executors or administrators, unless settlement shall be made under the provisions of article 2 hereinafter contained." Article 2 provided: "The Company may pay the sum of money

insured hereby to any relative by blood, or connection by marriage, of the assured, or to any person appearing to said company to be equitably entitled to the same, by reason of having incurred expenses, in any way, on behalf of the insured, for his or her burial, or for any other purpose, and the production by this company of a receipt, signed by any or either of said persons, or any other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Both of the cases referred to are discussed in McNally v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct., 111 (affirmed in the Supreme Court in 199 Pa. 481). In that case, the insured applied for insurance, designating Kate B. Dougherty (plaintiff under her married name of Kate McNally, having since married) as beneficiary. The company paid the whole amount to her husband's administrator, and attempted to defend suit by the beneficiary on the ground of the "facility of payment clause," precisely as in the instant case.

The policy in the McNally case provided: "The production by the Company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied." Quoting from the opinion by ORLADY, J., speaking for the court, p. 113: "The appellee frankly states the case to be as follows: 'The only question for decision, therefore, is as to the company's right to make choice of a payee when the application

names a beneficiary.' ...... In Thomas v. Prudential Ins. Co.; 148 Pa. 594, the same insurance company, with the same clause (two) in the policy, was before the Supreme Court. In regard to this it was said that 'the manifest object of the second schedule of the policy was to enable the company, to pay in case of the death of the insured, the amount of the policy without the expense of administration. ...... the company has a right to protect itself, with the consent of the assured, against trifling and expensive litigation ...... it is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties.' This case was followed in Brennan v. Prudential Ins. Co., 170 Pa. 488, where the same clause was considered, and it was held that the company, having selected the person who appeared to be equitably entitled to the insurance money, might pay in safety to the person so selected. These cases do not rule the present one. Here we have a very different provision. The application designates this plaintiff as a sole beneficiary. The company has nothing to do with determining who is 'equitably entitled' to this money. No discretion is vested in it by the contract, to weigh and decide between conflicting worthiness, and to act as conclusive judge of its own liability. Under this contract the company is not vested with such discretionary power that it 'may pay the sum of money to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same. ......' The designation of Katie K. Dougherty in the application of Mrs. Snee cannot be held to be a meaningless suggestion, which was to be overturned after her death, by the judgment or caprice of persons who were strangers to her motives in naming the beneficiary. ...... In the policy the designation is not several persons jointly, but in a named order, and the person speci-

fied in the application is given precedence, disjoined from the others, in being first named. If this has any significance, and we think it has, it is evidently an adoption by the company of the direction in the application to pay to Katie R. Dougherty. The doubt in regard to whom the money should be paid is of the company's creation, and the application, with the policy, is to be construed strongly against the insurer. Mrs. Snee had the power to name the plaintiff as beneficiary. She did it directly and unequivocally, and the declaration should be construed so as to give effect to this intention: Bond v. Bunting, 78 Pa. 210. ...... It is to be interpreted as the assured understood it, if all the points of the contract taken together will admit of such construction. (citing authorities) ...... The payment to Andrew Snee did not operate as a discharge and release of the obligation under this policy."

The same doctrine was reiterated by the Supreme Court in Smith v. Metropolitan Life Ins. Co., 222 Pa. 226, 71 A. 11, wherein it was held that: "A provision in a policy of life insurance that a production by the company of the policy, and of a receipt for the sum assured by the executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, shall be conclusive evidence that such sum has been paid to the person or persons lawfully entitled to the same, will not relieve the insurance company, where it has paid the amount of the policy to the executor of the insured, instead of to the beneficiary lawfully entitled to it."

Quoting from the opinion in that case by Mr. Chief Justice MITCHELL on p. 231: "Similar clauses are not uncommon in the class known as 'industrial insurance', where the amounts and estates are small and the purpose is to avoid the necessity of the expense of formal administration by law. But they are not intended

and could not be allowed to override rights fixed by the policies."

Appellee cites numerous cases from other jurisdictions in support of the judgment of the lower court, but they are neither controlling nor convincing, in view of the decisions of the appellate courts of our own state to the contrary.

We believe that plaintiff being the designated beneficiary in the policy, and *living* at the time of the decease of the insured, is entitled to the proceeds of the policy and that the "facility of payment" clause has no application.

The judgment of the lower court is reversed and it is ordered that judgment be entered in favor of plaintiff and against defendant for the amount of the policy with interest from February 27, 1932.