Orhowski, Admx., *v.* Metropolitan Life Insurance Company, Appellant.

Argued November 18, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Richard Henry Klein,* with him *Harry Cole Bates,* for appellant.

*Daniel W. Kearney,* with him *Samuel Gubin,* for appellee.

OPINION BY KELLER, P. J., January 29, 1937:

The facility of payment clause commonly inserted in industrial policies of life insurance imposes no duty or obligation on the insurance company to resort to its provisions and decide, as between two or more rival claimants, which one is equitably entitled to the insurance money due. It has the option of doing so, where no specific beneficiary is named,—(See *Beard v. John Hancock Mutual Life Ins. Co.*, 122 Pa. Superior Ct. 174, 186 A. 239)—but is not required to avail itself of that right. It may decide to leave the legal determination of the party entitled to the fund to the courts, and if it does so it stands in the position of any other insurance company which has in its possession a fund as to which it is a mere stakeholder, disclaiming all interest or right, for which demand has been made by two or more claimants. It may pay the money into court and require the claimants to interplead. If its petition to do so sets forth sufficient facts to bring the case within the provisions of the Act of March 11, 1836, P. L. 76, the relief prayed for should be granted. The discretion of the court exercised in such case must be judicial and not arbitrary; *Schmidt Brewing Co. v. Pittsburgh Life & Trust Co.*, 256 Pa. 363, 100 A. 959; *McKinley v. Mutual Life Ins. Co.*, 278 Pa. 300, 303, 123 A. 304; *Clarke & Cohen v. Real*, 105 Pa. Superior Ct. 102, 159 A. 454; *Barnes v. Bamberger*, 196 Pa. 123, 127, 46 A. 303. The purpose of the Act of March 11, 1836 was to relieve a defendant, who disclaims all interest in the entire fund in controversy, from incurring the expense of defending two actions and being subjected to the risk of paying the money twice: *Schmidt Brewing Co. v. Pittsburgh Life & Trust Co.*, supra, p. 369. The reports contain many cases which bear witness to the fact that proceeding under the facility of payment clause has not always relieved the insurance company from incurring expense in defend-

ing a second claim; and in some instances has not freed it from liability to pay the money twice. See *McNally v. Metropolitan Life Ins. Co.*, 16 Pa. Superior Ct. 111, affirmed 199 Pa. 481, 49 A. 299; *Beard v. John Hancock Mutual Life Ins. Co.*, supra.

Two persons made claim to the money payable by the defendant insurance company on the death of the insured in this case. Each claimant has brought suit to enforce his or her right to the fund. It is not the province of the court below in this proceeding to decide between them. It has not found that either claim was colorable, frivolous or collusive. *(McKinley v. Mutual Life Ins. Co.*, supra. p. 304). The defendant insurance company, faced with the risk of incurring expense in defending two actions and perhaps of being compelled to pay the money twice, has asked leave to pay the insurance money into court and that the rival claimants be required to interplead. It is a mere stakeholder, without interest in the ultimate outcome of the litigation. Its petition avers sufficient facts to bring it within the provisions of the Act of March 11, 1836, supra, and is free from the defects pointed out in *Fidelity Trust Co. v. William Penn Trust Co.*, 110 Pa. Superior Ct. 91, 167 A. 469. Its prayer should have been granted.

Counsel for both sides and the court below treated the Act of 1836 as here applicable[1] and for the purposes of this case we have so considered it. But aside from that statute the issue prayed for should have been awarded under the common law: *McKinley v. Mutual Life Ins. Co.*, supra, p. 304; *Clarke & Cohen v. Real*, supra, pp. 108, 109.

The assignments of error are sustained and the order is reversed, and it is directed that the rule granted be reinstated and made absolute; and it is further ordered

---

[1] See Acts of June 16, 1836, P. L. 784, sec. 13 (IV), and February 14, 1857, P. L. 39, sec. 1; 12 PS sec. 581, Historical note, p. 493.

that on payment into the court below of the insurance money due under its policy No. 964389 MS, and the costs of suit accrued to the filing of its petition for interpleader, the defendant insurance company be relieved of further liability in said action. Costs on this appeal to be paid by appellee.

The same order will be entered in the case of *Leon Zimlicki v. Metropolitan Life Ins. Co.*, Appellant, No. 3, October Term 1937, appeal from the Court of Common Pleas of Northumberland County to September Term 1936, No. 639.