## Rapp v. Germantown Fireproof Storage Co.

*Axelroth & Porteous*, for plaintiff.
*Michael Francis Doyle*, for defendant.

SLOANE, J., February 16, 1942.—Defendant petitions for an interpleader: Pennsylvania Rules of Civil Procedure, 12 PS (appendix), p. 173 et seq.; Goodrich-Amram, Rule 2301 et seq. Certain goods were left by plaintiff with the defendant warehouseman for storage and upon refusal to return them plaintiff issued a writ of replevin, filed the required security and a declaration of replevin. Then it was that this petition for interpleader was filed.

The petition says that plaintiff's husband, William Rapp, has made demand upon defendant, inconsistent with plaintiff's demand. As a result, defendant may be exposed to double liability to plaintiff and to her husband. Specifically: On July 7, 1941, prior to the replevin, William Rapp, through his attorney, notified petitioner that plaintiff had wrongfully taken his personal property and caused it to be stored with petitioner. Plaintiff's husband persisted in this claim after

demand by plaintiff for redelivery of the property, but petitioner has been unable to determine whether the respective claims are completely or only partially inconsistent. The petition goes on to say it is filed in good faith and not in collusion with plaintiff or claimant; that except for storage charges petitioner claims no interest in the property in controversy; that petitioner is unable to deliver the property into court or to such person as the court may direct, for petitioner has delivered it to the Sheriff of Philadelphia County pursuant to the replevin writ; and finally, that petitioner has not admitted the claim of, nor subjected himself to independent liability to, plaintiff or claimant in respect to the subject matter of the action.

Plaintiff opposes allowance of the petition on certain grounds. But this case is decided upon a ground not called to our attention by either counsel.

The Act of June 13, 1874, P. L. 285, sec. 2, 6 PS §2, specifically provides that a warehouseman or other bailee is not liable to an owner of goods taken from his possession by legal process.[1] Under and because of this statute no double or multiple liability can be imposed upon defendant, and the requirements of Pa. R. C. P. 2303 (a) (1) and 2306 (a) are not met. Rule 2303 (a) (1) provides that a petition for interpleader shall allege "that a claimant not a party of record has made or is expected to make demand upon the defendant as a result of which the defendant *is or may be exposed to double or multiple liability* to the plaintiff and to such

---

[1] "Where goods, wares or merchandise shall be taken from the possession of any warehouseman, wharfinger, carrier or other bailee by writ of attachment, replevin or other legal process, such warehouseman, wharfinger, carrier or other bailee shall not be liable therefor to the owner of such goods, wares or merchandise or to the holder of any receipt, voucher or bill of lading given for the same, saving and reserving however to such owner or holder, all legal remedies for the recovery of the said goods, wares or merchandise from any person unlawfully detaining the same, or for the recovery of damages against any person unlawfully taking the same." See Trainer v. Saunders, 270 Pa. 451, 454 (1921.)

claimant as to all or any part of the claim asserted by the plaintiff", and rule 2306(*a*) provides for approval of the petition if its allegations *"are established either by proof or by the failure of the plaintiff to file a sufficient answer . . ."* (Italics supplied). Not only does plaintiff's answer deny that defendant may be exposed to double or multiple liability, but we must note the fixed (and sound, for it gives proper effect to the valid process of law) rule of law established by the Act of 1874, which eliminates the possibility of such repeated liability.

The rule is mandatory in this requirement that defendant be subject to possible double liability. Defendant is not given support by rule 2306(*c*)(4). It provides: "The court shall not deny the petition merely because the court believes that the claim of the plaintiff or any claimant is without merit in law or in fact", but the provision, retaining the prior practice,[2] is to protect a defendant against an outcome subjecting him to an anticipated liability. Such protection is necessary and desirable where findings of fact or law can affect the liability of the defendant. Here the loss of possession of the property as a result of legal process has eliminated the possibility of liability by defendant to anyone. The merits of the respective adverse claims and the outcome of the issues of law and fact on those claims do not affect or concern the defendant. By statute he is separated from possible double responsibility upon severance of possession by legal process issued against him. This freedom of "danger of attack from two quarters without fault of his own" is attained immediately by loss of possession upon execution of the replevin writ, and is not to be determined ultimately by trial or decision on the merits of the adverse claims.

---

[2] See McKinley v. Mutual Life Ins. Co., 278 Pa. 300 (1924), Clarke & Cohen v. Real, to use of Stroudsburg Nat. Bank, 105 Pa. Superior Ct. 102, 109 (1931), and Orhowski v. Metropolitan Life Ins. Co., 125 Pa. Superior Ct. 121, 123 (1937). See also commentary to rule 2306(*c*)4, Goodrich-Amram (1940) §2306(*c*)5, pp. 53-55.

Nor does defendant come within the provisions of the Uniform Warehouse Receipts Act, 3 U. L. A. (1922), enacted in Pennsylvania by the Act of March 11, 1909, P. L. 19, 6 PS §131 et seq., for in its interpleader petition it has neither set forth nor even mentioned the existence of a warehouse receipt conforming to the requirements of section 2 of that act (6 PS §132), a prerequisite to its invocation (plaintiff's declaration in replevin talks of a warehouse receipt but none is set forth or exhibited) ; so that section 17 of that act, providing for an interpleader,[3] cannot be the basis for granting defendant's petition.[4]

Defendant's petition and rule for an interpleader are dismissed.

---

[3] 6 PS §147: "If more than one person claim the title or possession of the goods, the warehouseman may, either as a defence to an action brought against him for non-delivery of the goods or as an original suit, whichever is appropriate, require all known claimants to interplead."

See also section 18 (6 PS §148) : "If some one other than the depositor, or person claiming under him, has a claim to the title or possession of the goods, and the warehouseman has information of such claim, the warehouseman shall be excused from liability for refusing to deliver the goods either to the depositor or person claiming under him, or to the adverse claimant, until the warehouseman has had reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead."

[4] It would seem that sections 17 and 18 of the Uniform Warehouse Receipts Act of March 11, 1909, P. L. 19, are subject to the provisions of rule 2303($a$) (1) and rule 2306(a), requiring allegation and proof of the possibility of double liability, and accordingly in this case, where under the Act of 1874 the loss of possession as a result of the replevin has eliminated such possibility, those sections may not be invoked for that reason also. See rule 2325, which suspends all acts of assembly or parts thereof inconsistent with the Rules of Civil Procedure "to the extent of such inconsistency". But we refer to the point and do not decide it; it is not necessary to this case.