## Kitt, etc., et al. v. Philadelphia-United Life Insurance Co.

*J. H. Lieberman,* for plaintiff.

*M. A. Bank,* for added plaintiffs.

*Murdoch, Paxson, Kalish & Dilworth,* for defendant.

JONES, J., July 21, 1947.—This is an interpleader action between a named beneficiary and two claimants under the facility of payment clause of a life insurance policy. The interpleader was directed by order of court (Bonnelly, J.), made November 27, 1946 upon petition of the defendant insurance company. The petition does not contain the allegation required by Pa. R.C.P. No. 2303(*a*)(3). The court made no order under Pa. R.C.P. No. 2307. The petitioner retained possession of the insurance money.

The action came to trial before a judge functioning as a jury under authority of section 12 of the Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, 17 PS §695.[1] It was submitted by the interpleaded parties upon portions of the pleadings unobjected to and admissions of record by counsel. The facts were undisputed. There was therefore no issue of fact for submission to a jury or to a judge functioning as a jury in a trial court. There

[1] Schoenfeld v. Meckes, 57 D. & C. 531, 547-551 (7/16/46).

was no finding to be made, the record at this point presenting nothing but a question of law and the entry of a judgment by reason thereof. The trial court enters no judgment.[2] In such case the appropriate procedure is that prescribed by Pa. R.C.P. Nos. 1033 and 1034.

The insurance contract provides, that payment be made to the named beneficiary with discretionary power in the insurance company to make payment under the facility of payment clause in the event that it become operative. It is undisputed that the named beneficiary did not surrender the policy and the premium receipt book together with due proof of death within 30 days after the death of the insured, as a result of which the facility of payment clause became operative and the insurance company thereby became vested with the sole permissive power to make payment thereunder. The defendant insurance company, however, made no payment to the named beneficiary or any claimant under the facility of payment clause. It retained possession of the insurance money.

The power to make payment under the facility of payment clause of the policy may be exercised by the insurance company and none other. It cannot be exercised by the court.[2] Hence it is that the court by its interpleader order passed upon the merits in denial of claims under the facility of payment clause. There was no issue of fact or law to be resolved under the interpleader order. The order made it obligatory that payment be made to the named beneficiary. Here was no interpleader issue. The multiple liability threat is of the insurance company's own creation, arising, as it does, by reason of the company's failure to exercise the power conferred upon it alone by the provisions of

---

[2] Beard v. J. Hancock M. L. Ins. Co., 326 Pa. 430 (5/27/37) reversing the Superior Court (122 Pa. Super. Ct. 174 (7/10/36)).

512

the contract of insurance.[3] The defendant insurance company cannot base a right to the grant of an interpleader upon its noncompliance with the obligation of the contract to which it is a party.

To conclude: There was no basis for the order of interpleader made November 27, 1946. The order was without legal validity; no trial thereunder can be had, no finding made and the dismissal of the interpleader action by the trial court is necessitated.

### Order of court

And now, to wit, July 21, 1947, the court makes no finding and the interpleader action is dismissed without prejudice.

---

[3] "Where the party holding the fund may be discharged from all liability by the payment to one, a bill of interpleader will not lie." The Philadelphia Savings Fund Society v. James Clark, Adm'r., et al., 11 Weekly Notes of Cases 118, 119, (12/31/81).