## Phillips, Appellant, *v.* Continental Assurance Company.

Argued April 10, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Ernest L. Butya,* with him *Joseph I. Lewis,* for appellant.

*Blair S. McMillin,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY WATKINS, J., June 16, 1967:

This is an appeal from the judgment of the County Court of Allegheny County in an assumpsit action by a beneficiary under an insurance policy in favor of the defendant-appellee, Continental Assurance Company and against the plaintiff-appellant, Regina Phillips. The matter was submitted to the court below for determination of a question of law as applied to an agreed stipulation of facts.

The stipulated facts are summarized as follows: John Bolzan the assured decedent became a beneficiary member of International Workers Order, Inc., under a Five hundred ($500) dollar death certificate. This company was liquidated and the defendant company assumed its obligation and issued an Assumption Certificate which constitutes the policy at issue. The date of the original certificate was prior to September 1, 1954. On July 30, 1956, the insured requested "without the right to revoke and change any beneficiary" that Anthony and Mary B. Szuszkiewicz be designated as beneficiaries under the certificate. The defendant complied with this request on August 6, 1956. On March 17, 1958, a premium payment on be-

half of the insured was made by the plaintiff. On April 26, 1958, the insured requested that the plaintiff be designated as beneficiary under the certificate. On May 5, 1958, defendant company complied with this request. The insured died on May 24, 1958 while the certificate was in effect. The Szuszkiewiczs brought suit in the County Court against the defendant for the death benefits. The defendant's motion to interplead the present plaintiff was denied and, subsequently, judgment was entered for the Szuszkiewiczs and was later paid and satisfied.

The question of law that is the subject of this appeal is whether under the agreed facts Regina Phillips is entitled to payment of the proceeds of the policy by the company, despite payment already made to the Szuszkiewiczs. The court held she was not and entered judgment in favor of the insurance company.

We agree with the court below that the law is clear in Pennsylvania that: "If the policy designates the beneficiary without making any provision for a change of beneficiary, the interest of the designated beneficiary is vested at the time the policy takes effect, and no action of the insured or insurer can destroy such interest although, of course the insured may allow the policy to lapse or the insurer may defeat his right to recovery because of breach of condition of the policy." Goldin, The Law of Insurance in Pennsylvania, §833, pp. 705-706. This takes care of the vested claim of the Szuszkiewiczs but does not decide whether the company by its acceptance of the change of beneficiary waived the provision of the policy as to change of beneficiary and by estoppel created a liability by it to the plaintiff.

In *Smith v. Metropolitan Life Ins. Co.*, 222 Pa. 226, 71 A. 11 (1908), the husband designated his wife as beneficiary. The wife predeceased the husband who subsequently, by written order on a form provided by

the insurer, named his daughter the beneficiary. The change of beneficiary was delivered and accepted by the company as was done in the instant case. The insured died and the company paid the insurance proceeds to the executor of the wife's estate. The daughter sued the company and was nonsuited in the lower court. This was reversed on appeal and the Supreme Court held: ". . . Whether the papers were strictly in accordance with the requirements of the by-laws of the company is immaterial. So far as the case was developed every element of estoppel exists to prevent the company from now disputing their validity. . . . If the plaintiff's substitution as beneficiary was valid, as prima facie it appears to be, the payment to Thomas S. Gordon, as executor of the insured (the wife's estate), is no defense." See also: *Girsh v. Rolland,* 285 Pa. 141, 131 A. 723 (1926).

In *Gould v. Dwelling-House Ins. Co.,* 134 Pa. 570, 588, 19 A. 793 (1890), the court said: ". . . If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them; and mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel."

In *Spry v. Farmers' Union Mutual Fire Ins. Co. of Pa.,* 101 Pa. Superior Ct. 49 (1931), where the defendant insured property of a company, which property was transferred to the plaintiff, without the written consent of the defendant company as required by the policy, the defendant's agent assured the plaintiff that the property was covered. The property was destroyed and the defendant company refused to pay. This Court held, at page 53 that: "The law is well settled that an insurance company may waive the right to insist on

written compliance with policy provisions, and by its authorized agents, may make such representations of fact as will estop the company from denying the fact so represented."

In the instant case there is no question that the first named beneficiaries had a vested interest in the policy. The company in this case, when it accepted the change of beneficiary to the name of the plaintiff made a representation of fact to the insured. The insured and through the insured the named beneficiary should have had notice of the objection of the company so that the insured would have the opportunity to take whatever action he desired to obviate those objections. The company accepted the change on May 5, 1958, and the named beneficiary was the one who paid the premium on March 17, 1958.

We agree with the court below that the representation was not made to the beneficiary but to the insured and that the reliance on the representation was by the insured and he had the right to believe that the change of beneficiary was properly effectuated in accordance with the requirements of the insurer.

The acceptance of the change in beneficiary is a waiver of the terms of the policy and a clear representation of fact to the insured that his newly named beneficiary was properly designated as the one to receive the benefits on his death; that as a result of this representation the plaintiff became the donee beneficiary; that the insured relied on that representation so that his position was changed in that he need not do anything that he may well have done had the company objected.

The judgment of the court below is reversed and it is directed that judgment be entered for the plaintiff in the sum of Five hundred ($500) dollars, with interest, from May 24, 1958, the date of the insured's death.

MONTGOMERY and JACOBS, JJ., dissent.