**Gnagey v. Farm Family Life Insurance Co.**

*Louis T. Glantz,* for plaintiff.

*Donald J. Snyder, Jr., Jon A. Barkman,* for defendant Farm Family Life Insurance Co.

COFFROTH, *S.J.,* October 23, 1985—We have for disposition defendant Insurance Company's petition for interpleader filed under Civil Rules 2301 et seq asking leave to pay into court the proceeds ($15,000) of the life insurance policy in suit, to discharge petitioner from liability under said policy and to determine which of the claimants (plaintiff or defendant Gnagey) is entitled to the policy proceeds. After the petition for interpleader was filed (as part of defendant insurer's answer to the complaint), defendant Gnagey (as part of his answer to the complaint) joined the insurer as an additional defendant under Civil Rule 2252(d) seeking judgment for the policy proceeds.

## QUESTION AT ISSUE

Should a life insurer's petition for interpleader, for leave to pay the policy proceeds into court, be granted where the policy contains no right to change beneficiary and claims are asserted against the insurer by: (a) the originally named beneficiary for policy proceeds, and (b) the insured's widow for damages on the alternative theories that: (i) the insurer is estopped from relying on the policy prohibition against change of beneficiary, by reason of its acceptance of the change and decedent's detrimental reliance thereon during his lifetime, or (ii) the insurer by acceptance of the change of beneficiary

made a new contract with the insured which the insurer has breached? We answer: No.[1]

## FACTS

The ultimate essential facts are incorporated in the question at issue as above stated; we also note the following evidentiary details.[2] (1) the policy in issue was one of three identical policies issued on the lives of three business partners for the purpose of funding a buy-out by surviving partners (named beneficiaries) of a deceased partner's partnership interest, each of whom was named owner of the policy on his own life, and the premiums were paid by the partnership; (2) the partnership was judicially dissolved in no. 392 Civil 1979, without reference to or disposition of said policies, after which each insured paid his own premiums[2a] (3) in no. 248 Civil 1985, the third partner (William Gnagey, not a party here) brought suit against the insurer and Norman Gnagey, the instant defendants, seeking an order allowing a change of beneficiary of his policy, which was set-

1. Plaintiff's counsel also pleads and argues that the insurer "waived" the provision of the policy disallowing change of beneficiary; such an implied waiver is essentially an estoppel. See Miller v. Nationwide (No. 2), 31 Somerse L. J. 46, 55 (1975). Moreover, no consideration or valid substitute therefore is alleged for the insurer's new contractual promise, hence liability on such new contract must rest on promissory estoppel. See: Restatement of Contracts 2nd §90. The brief of plaintiff's counsel appears to recognize that both counts of the complaint against the insurer rest on equitable estoppel.

2. On pleading ultimate facts and evidentiary details, see Pittman v. Trent, 30 Somerset L. J. 283, 285 (1975).

2a. This is not the method usually used to provide life insurance funding for a buy-out of a deceased partner's interest in the partnership. See: Rabkin & Johnson. Current Legal Forms With Tax Analysis (Matthew Bender) Vol. 1, Form 1.94 and Comment; Meek Estate, 26 Somerset 185, 53 D.&C.2d 207 (1971).

tled and discontinued upon allowance of the change by agreement of the parties to the action.[3]

## DISCUSSION

The interpleader rules contemplate a situation where the claims of the antagonistic claimants are alternatives, and present to the insurer the question of which of the claimants should be paid. As stated in Goodrich Amram 2d §2302(a) :4, at page 239:

"Interpleader is allowed because a defendant is besieged by claims, only one of which can be meritorious. If the facts are such that the defenant will be liable to each claimant and the recovery by one claimant will not preclude recovery by the other claimant, no interpleader can be allowed," Accord: Wilson v. McCarthy, 1 D.&C.3d 579, 586 (1977).

This is not a case of alternative liability in which only plaintiff or the original beneficiary will be paid policy proceeds; liability of the insurer to plaintiff in this case is grounded on an equitable estoppel by reason of the insurer's conduct in accepting the insured's change of beneficiary naming plaintiff instead of the original beneficiaries, contrary to the policy provision prohibiting changes; if the estoppel as pleaded is established, the result is dual liability of the insurer, both to the original beneficiaries who have a vested right as third party contractual beneficiaries under the policy, see Henderson Estate, 395 Pa. 215, 149 A.2d 892 (1959), and to plaintiff by reason of the estoppel, see Phillips v. Continental Assurance Co., 210 Pa. Super. 178, 231 A.2d 422

---

3. Whether the third partner. William Gnagey, also an originally named beneficiary in the policy here in suit, should be added as a party to this action, has not been raised and is not reached on this record. See: Civil Rule 2232(c) and compare Mostoller v. Mostoller Estate. 39 Somerset L. J. 142, 154-5 (1980).

(1967).[4] This dual liability is not the type of alternative independent liability referred to in Civil Rules 2302(a)(4) and 2306(a)(2); nor is there any true admission of liability by the insurer to plaintiff of the claims here asserted; hence those rules are inapplicable and we

The insurer cites as precedent for granting the interpleader Peoples Life Insurance Company v. Sickels, 66 Westmoreland 61 (1984) Scherer, J. In that case the insurer recognized a change of beneficiary in violation of the policy; the opinion states that: "Both of the defendants claim all or a part of the proceeds of the aforesaid policy . . . " (66 Westmoreland at 63); nevertheless, plaintiff advanced the contention of multiple or dual liability based upon estoppel which the court rejected without discussion, apparently because the terms of the policy clearly and unambiguously established that the change of beneficiary was invalid; Phillips supra on which dual liability is validly predicated instantly was not cited or discussed. As between Phillips and Sickels, which seem in conflict, we follow the former, not only because it is controlling appellate authority, but also because it is a well-considered decision which comports with our own views.[6]

4. See also Trowbridge v. Prudential Insurance Company of America, 322 F.S. 190 (SD NY, 1971) and compare: Provident Mutual Life Insurance Life Co. of Philadelphia v. Ehrlich, 374 E.S. 1134 (E.D., Pa. 1973) and Smith v. Metropolitan Life Insurance Co., 222 Pa. 226, 71 Atl. 11 (1908).

5. In such cases of dual liability, the insurer is not entitled to the discharge from liability, or to costs and fees, nor to stop the running of interest on the policy proceeds, as provided in Rule 2307(b). See: Goodrich Amram 2d §2307(b) :9.

6. The court's final decision in Sickels (opinion and order of 9-20-84, unpublished, copy attached to the insurer's filed brief), rejects estoppel on its merits, and instead concludes that the change of beneficiary was based on a misrepresentation by the insurer as respects his right to make the change,

## ORDER

Now, October 23, 1985, the application of defendant insurer for interpleader is denied.

---

and on mutual mistake. Whether that reasoning can ultimately defeat plaintiff's claim of estoppel in the instant case must await decision here on the merits.